UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DIMITRI PATTERSON,

     Plaintiff,

vs.

THE MIAMI HERALD MEDIA COMPANY,
BALLER ALERT, INC., ROBIN LYON, BALLER
ALERT LLC, SUNBEAM TELEVISION
CORPORATION, THE MEREDITH
CORPORATION, TWENTY-FIRST CENTURY
FOX, INC., FOX CORPORATION, VERIZON
MEDIA LLC, VERIZON COMMUNICATIONS,
INC., TRIBUNE PUBLISHING COMPANY,
NEWS CORPORATION, COMCAST CORP., NBC
UNIVERSAL MEDIA LLC, FOOTBALLTALK
LLC, THE GANNETT COMPANY, WARNER
MEDIA LLC, BH MEDIA GROUP, INC., VOX
MEDIA, INC., THE DAILY CALLER, INC., COX
MEDIA GROUP, IBT MEDIA, INC., NEWSWEEK
MEDIA GROUP, INC., MICROSOFT
CORPORATION, ESPN, INC., NEW MEDIA
INVESTMENT GROUP, INC., GATEHOUSE
MEDIA MANAGEMENT SERVICES, INC.,
GATEHOUSE MEDIA FLORIDA HOLDINGS,
INC., CBS BROADCASTING, INC., CBS
TELEVISION, INC., CBS CORPORATION,
JASMINE BRAND, MAHIR FADLE, ROBERT
LITTAL, GOOGLE LLC, RICH CIMINI,
AMERICAN BROADCASTING COMPANIES,
INC., DISNEY INTERACTIVE STUDIOS, INC.,

     Defendants,

Case: 1:20-cv-00802   JURY DEMAND
Assigned To : Sullivan, Emmet G.
Assign. Date : 3/24/2020
Description: Pro Se. Gen. Civ. (F–DECK)

**VERIFIED COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF**

**FIFTH AMENDMENT
NINTH AMENDMENT
COMMON LAW INVASION OF
PRIVACY – FALSE LIGHT
COMMON LAW INVASION OF
PRIVACY – NAME APPROPRIATION
PUNITIVE DAMAGES
INJUNCTIVE RELIEF
GENERAL DAMAGES**

## INTRODUCTION

1.    This action is brought by the Plaintiff, Dimitri Patterson, against a multitude of media

outlets for the publishing of defamatory and infringing statements concerning unlawful

arrests, purported criminal cases and warrants in Miami, Florida and Orlando, Florida. This action is predicated both on what The Articles communicate as a whole, including the headlines, captions, and the numerous defamatory and infringing statements concerning the Plaintiff contained within The Articles, which resulted in the invasion of the Plaintiff's privacy.

## JURISDICTION

2.    This Court has Jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This action is brought pursuant to the Fifth and Ninth Amendments of the United States Constitution.

## VENUE

3.    Venue is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

## PARTIES

4.    The Plaintiff, Dimitri Patterson, was and continues to be *sui juris* over the age of 18 and a citizen of the State of Florida.

5.    At all times material hereto, the Defendant, The Miami Herald Media Company, a corporation organized and existing under the laws of the state of Delaware, who is registered with the Delaware Secretary of State with its principle place of business in California, is the owner of the Miami Herald.

6.    At all times, material hereto, the Defendant, Baller Alert, Inc., an active corporation organized and existing under the laws of the State of Florida who is registered with the Florida Department of State with its principle place of business in Miami, FL.

7.    At all times, material hereto, the Defendant, Baller Alert, LLC, a dissolved corporation organized and existing under the laws of the State of Florida who is registered with the Florida Department of State with its principle place of business in Miami, FL.

8.      At all times, material hereto, the Defendant, Robin Lyon who is a citizen of Florida is the

owner of Baller Alert Inc. and Baller Alert, LLC and controls, maintains and operates the

social media handle @balleralert.com on the global social media platform Instagram.

9.      At all times, material hereto, the Defendant, Sunbeam Television Corporation, the owner

of WSVN Channel 7, a corporation organized and existing under the laws of the State of

Florida, who is registered with the Florida Secretary of State, with its principle place of

business in Miami, FL. Sunbeam Television Corporation is the content provider pursuant to

47 U.S.C. § 230 (f)(3).

10.     At all times material hereto, the Defendant, The Meredith Corporation, a corporation

organized and existing under the laws of the state of Iowa who is registered with The Iowa

Secretary of State with its principle place of business in Des Moines, Iowa, is the owner of

Sports Illustrated, the Defendant is the "information content provider" pursuant to 47 U.S.C.

§ 230 (f)(3) and is liable for their subsidiary actions pursuant to *Florida Statute 836.03*.

11.     At all times, material hereto, the Defendant, BH Media Group, Inc., the owner of WPLG

Local 10, a corporation organized and existing under the laws of the State of Delaware, who

is registered with the Delaware Department of State, with its principle place of business in

Omaha, NE.

12.     At all times, material hereto, the Defendant, VOX Media Group, Inc., owner of Bleeding

Green Nation, a corporation organized and existing under the laws of the State of Delaware,

who is registered with the Delaware Department of State,  with its principle place of business

in Washington, D.C.

13.     At all times, material hereto, the Defendant, the Daily Caller, Inc., owner of the Daily

Caller.com, is incorporated under the laws of the State of Delaware, who is registered with

the Delaware Department of State, with its principle place of business in Washington, D.C.

14.     At all times, material hereto, the Defendant, Cox Media Group, owner of FanBuzz.com, a

corporation organized and existing under the laws of the State of Delaware, who is registered

with the Delaware Department of State, with its principle place of business in the State of

Georgia.

15.     At all times, material hereto, the Defendant, IBT Media, Inc. owner of IBI Times.com, a

corporation organized and existing under the laws of the State of New York who is registered

with the New York Department of State, with its principle place of business in New York,

NY.

16.     At all times, material hereto, the Defendant, the Microsoft Corporation, owner of

MSN.com, a corporation organized and existing under the laws of the State of Delaware who

is registered with the Delaware Department of State, with its principle place of business in

Washington.

17.     At all times, material hereto, the Defendant, Newsweek Media Group, Inc., owner of IBI

Times.com, a corporation organized and existing under the laws of the State of New York,

who is registered with the New York Department of State, with its principle place of business

in New York, NY.

18.     At all times, material hereto, the Defendant, Twenty-First Century Fox, Inc., owner of

FOX News.com, a corporation organized and existing under the laws of the State of

Delaware, who is registered with the Delaware Department of State, with its principle place

of business in New York, NY.

19.     At all times, material hereto, the Defendant, FOX Corporation, owner of FOX News.com, a corporation organized and existing under the laws of the State of Delaware, who is registered with the Delaware Department of State, with its principle place of business in New York, NY.

20.     At all times, material hereto, the Defendant, News Corporation, owner of the New York Post, a corporation organized and existing under the laws of the State of Delaware, who is registered with the Delaware Department of State, with its principle place of business in New York, NY.

21.     At all times, material hereto, the Defendant, Verizon Media LLC, owner of YAHOO.com, a corporation organized and existing under the laws of the State of Delaware who is registered with the Delaware Department of State, with its principle place of business in New York, NY.

22.     At all times, material hereto, the Defendant, Verizon Communications, Inc., owner of YAHOO.com, a corporation organized and existing under the laws of the State of Delaware, who is registered with the Delaware Department of State, with its principle place of business in New York.

23.     At all times, material hereto, the Defendant, the Tribune Publishing Company, owner of New York Daily News, a corporation organized and existing under the laws of the State of Delaware, who is registered with the Delaware Department of State, with its principle place of business in Chicago, IL.

24.     At all times, material hereto, the Defendant, Comcast Corp., owner of profootballtalk.com, a corporation organized and existing under the laws of the State of

Pennsylvania, who is registered with the Pennsylvania Department of State, with its principle place of business in Pennsylvania.

25.     At all times, material hereto, the Defendant, NBCUniversal Media, owner of profootballtalk.com, a corporation organized and existing under the laws of the State of Delaware, who is registered with the Delaware Department of State, with its principle place of business in New York.

26.     At all times, material hereto, the Defendant, Footballtalk LLC, owner of profootballtalk.com, a corporation organized and existing under the laws of the State of West Virginia, who is registered with the West Virginia Department of State, with its principle place of business in West Virginia.

27.     At all times, material hereto, the Defendant, the Gannett Company, owner of usatoday.com, a corporation organized and existing under the laws of the State of Delaware, who is registered with the Delaware Department of State, with its principle place of business in Virginia.

28.     At all times, material hereto, the Defendant, Warner Media LLC, owner of tmz.com, a corporation organized and existing under the laws of the State of Delaware, who is registered with the Delaware Department of State, with its principle place of business in New York, NY.

29.     At all times, material hereto, the Defendant, ESPN, Inc., owner of espn.com, a corporation organized and existing under the laws of the State of Delaware, who is registered with the Delaware Department of State, with its principle place of business in Bristol, CT.

30.     At all times, material hereto, the Defendant, New Media Investment Group, Inc., owner of Palm Beach Post, a corporation organized and existing under the laws of the State of

Delaware, who is registered with the Delaware Department of State, with its principle place of business in New York.

31.     At all times, material hereto, the Defendant, Gatehouse Media Management Services, Inc., owner of Palm Beach Post, a corporation organized and existing under the laws of the State of Delaware, who is registered with the Delaware Department of State, with its principle place of business in New York.

32.     At all times, material hereto, the Defendant, Gatehouse Media Florida Holdings, Inc., owner of Palm Beach Post, a corporation organized and existing under the laws of the State of Delaware, with its principle place of business in New York.

33.     At all times, material hereto, the Defendant, CBS Broadcasting, Inc., a corporation organized and existing under the laws of the State of New York, who is registered with the New York Department of State, with its principle place of business in New York.

34.     At all times, material hereto, the Defendant, CBS Television, Inc., a corporation organized and existing under the laws of the State of Delaware, with its principle place of business in New York.

35.     At all times, material hereto, the Defendant, CBS Corporation, a corporation organized and existing under the laws of the State of Delaware, with its principle place of business in New York.

36.     At all times, material hereto, the Defendant, Jasmine Brand, who is a citizen of California, is the Owner and operates the Website JasmineBrand.com.

37.     At all times, material hereto, the Defendant, Mahir Fadle, who is a citizen of California, is the Owner and operates the Website JasmineBrand.com.

38.     At all times, material hereto, the Defendant, Robert Littal, who is a citizen of California, is the Owner and operates the Website BlackSportsOnline.com.

39.     At all times, material hereto, the Defendant, Rich Cimini, is a Reporter for ESPN, Inc.

40.     At all times, material hereto, the Defendant, American Broadcasting Companies, Inc., a corporation organized and existing under the laws of the State of Delaware, with its principle place of business in New York.

41.     At all times, material hereto, the Defendant, Disney Interactive Studios, Inc., a corporation organized and existing under the laws of the State of California, with its principle place of business in California.

## STATEMENT OF FACTS

### DP's Background

42.     DP was born in Miami, FL and is 36 years of age and is a resident of the State of Florida.

43.     DP played in the NFL for ten years.

44.     DP is the biological father and legal guardian of one child who is 12-years-old.

45.     DP has never been charged with a crime by the State of Florida pursuant to Florida Jurisprudence 2d 1151, 1153, 1163, 1164, 1165, and Florida Statutes 27.181 and 28.222.

46.     DP has never had a warrant issued in his name pursuant to Florida Rules of Criminal Procedures 3.121, 3.131, and Florida Statute 28.222.

## SATISFACTION OF CONDITION PRECEDENT

47.     Plaintiff, DP, has provided notice to Google, LLC under the Digital Millennium Copyright Act (DMCA).

## DEFAMATORY STATEMENTS BY THE MIAMI HERALD MEDIA COMPANY

## ARTICLE 1

48.     Initially, Article 1 attempts to assassinate DP's character by stating that, "Dimitri Patterson left two Miami-Dade Police officers injured on Tuesday after he bolted from a courtroom when a judge ordered him placed under custody, police said", which is false. See **Exhibit "A"**

49.     Article 1 then states that, "Dimitri Patterson is expected to face charges including battery on a law enforcement officer", which is false. DP was never facing charges. See **Exhibit "A"**

50.     Article 1 continues by stating that, Dimitri Patterson "was at the Lawson E. Thomas Courthouse in downtown Miami at a hearing before Judge William Altfield", which is completely false. See **Exhibit "A"**

51.     Article 1 makes false claims stating that, "The judge ordered Dimitri Patterson to be taken into custody and he took off running", said Argemis Colome, a spokesperson for the Miami-Dade Police. This statement is completely false. See **Exhibit "A"**

52.     Article 1 states that, "Dimitri Patterson knocked down a female police officer who hit her head", Colome said, which is completely false. See **Exhibit "A"**

53.     Article 1 states that, "A male officer suffered a wrist injury", which is false. See **Exhibit "A"**

54.     Article 1 continues character assassination of DP by writing about a purported arrest affidavit that was already proven to be an unlawful arrest and charges that were never filed against him. **See Exhibit "A"**

55.     Article 1 goes on to state that, "Dimitri Patterson was there to meet the mother of his 1-year-old son", which is completely false. See **Exhibit "A"**

56.     With the intent to cause irreparable harm to DP, Article 1 continues to recite defamatory statements in an ESPN.com article stating that, "Dimitri Patterson threw a woman and her

son to the ground, causing the woman and child to suffer bruises on her neck and the back of the child's head", which are false.

57. Article 1 continues to makes false claims by stating that, "Dimitri Patterson was acquitted by a jury for culpable negligence and battery in July."

**ARTICLE 2**

58. Article 2 states that, "When former Miami Dolphins Cornerback Dimitri Patterson tried to bolt from a hearing in family court Tuesday, it took five Miami-Dade police officers to tackle him and get him under control" which is completely false. See **Exhibit "B"**.

59. With clear malice intent by having full knowledge that the statements are false, Article 2 proceeds to recite every defamatory statement written in Article 1. See **Exhibit "B"**

**ARTICLE 3**

60. Article 3 states that, "The Orange County Sherriff Office arrested Dimitri Patterson late Monday night for an active felony warrant" which is false. See **Exhibit "C"**.

61. Article 3 continues by stating that "The charges from the warrant, according to his booking log: battery and culpable negligence", which is false. See **Exhibit "C"**.

62. Article 3 continues with character assassination by stating that, "This news and arrest comes nine months after Patterson became combative while trying to flee a Miami-Dade County courtroom in August", which is completely false. See **Exhibit "C"**.

63. Article 3 continues stating that, "It took five police officers to tackle him and get him under control", which is completely false. See **Exhibit "C"**.

**DEFAMATORY STATEMENTS BY THE @balleralert INSTAGRAM POST**

64. With the complete absence of a verified source the IG post imputes multiple felonies to the Plaintiff stating that, "Former NFL Player Dimitri Patterson was detained Tuesday after he <u>injured</u> two police officers." See Exhibit "A"

65.   The IG post then states that, "Patterson attempted to flee after a judge ordered him to be placed in custody. See Exhibit "A"

66.   With a high degree of awareness of the post's falsity the IG post continues by stating that, "While running, a female officer was knocked over by Patterson, consequently hitting her head. As a result, she was forced to go to the hospital." See Exhibit "A"

67.   The IG post makes false claims stating that, "Patterson also injured a male officer's wrist while fleeing. See Exhibit "A"

68.   The IG post continues character assassination of DP stating "Patterson will face charges, including battery on a law enforcement officer."  See Exhibit "A"

69.   The Article is also defamatory in many of its specific details.

## DEFAMATORY STATEMENTS BY SUNBEAM TELEVISION CORPORATION/WSVN

70.   "The 34 year-old was handcuffed by U.S. Marshalls in Orlando for an active felony warrant issued on Nov. 1 out of Miami-Dade County".

71.   " Patterson was previously charged for battery on a law enforcement officers after he injured two cops while trying to escape a Downtown Miami courtroom on Aug 15".

72.   "Both officers were treated at Jackson Memorial Hospital and eventually released".

73.   "Patterson was given a 180,000.00 bond and faces several charges including battery on law enforcement and resisting an officer without violence."

74.   "He also has to surrender his passport".

75.   "Two Miami-Dade Police officers were injured as they tried to stop a defendant, who happens to be a former Dolphins player, from fleeing the Lawson E Thomas Courthouse Center, Tuesday."

76.   "According to police, one officer suffered a head injury and a second officer sustained a wrist injury while they tried to subdue 34-year-old former NFL player Dimitri Patterson."

77.   "According to officials, when the first officer entered courtroom 2-A, Patterson attempted to flee. Patterson then tackled the officer, causing her to hit her head."

78.   "Both officers were transported to Jackson Memorial Hospital and later released."

79.   "Patterson was arrested for battery on a police officer, Tuesday afternoon."

80.   "He has a hearing scheduled for Friday at 11 a.m."

81.   "A former Miami Dolphins player arrested again months after Police say, he attacked two Miami-Dade Police Officers. U.S. Marshalls took Dimitri Patterson into custody in Orlando on a felony warrant out of Miami-Dade."

82.   "The 34-year-old played Cornerback for the team from 2012 to 2013. Last August, Patterson was charged with battery on Law Enforcement Officers, after he injured two Cops trying to escape a downtown Miami courtroom."

83.   "Those Officers were treated and eventually released."

84.   "He was given a $180,000.00 bond and facing several charges, including battery on a Law Enforcement Officer and resisting an Officer without violence."

## DEFAMATORY STATEMENTS BY THE JASMINE BRAND.COM

85.   "Exclusive: Ex Dolphins NFL'er Dimitri Patterson Sues Agent & Baby Mama, Accuses Them of Ponzi Scheme"

86.   "Ex-Miami Dolphins cornerback Dimitri Patterson is accusing famed sports agent Drew Rosenhaus and his baby mama of participating in a criminal Ponzi scheme against him."

87.   "Patterson filed suit against Rosenhaus, Miami-Dade County, Miami Police Department, his baby mama Erika Medina, several Miami County judges and several lawyers."

88.   "The scheme involves his baby mama allegedly suing him for paternity, which resulted in her lawyers making him believe a judge had ordered him to submit to a DNA test."

89.   "Then in 2015, he was arrested on charges of felony child abuse and battery."

90.   "He points to alleged incidents where he was coerced into paying tens of thousands to his baby mama and her lawyer."

## DEFAMATORY STATEMENTS BY BLACK SPORTS ONLINE.COM

91.  "Dimitri Patterson had a pretty solid NFL career before it all fell apart of when he went MIA from the Jets in 2014."

92.  "The scheme involves his baby mama allegedly suing him for paternity, which resulted in her lawyers making him believe a judge had ordered him to submit to a DNA test."

93.  "Then in 2015, he was arrested on charges of felony child abuse and battery."

## DEFAMATORY STATEMENTS IN THE SPORTS ILLUSTRATED ARTICLE, AND MEREDITH CORPORATION

94.  Initially, Article 1 attempts to assassinate DP's character by stating that, "DP injured two police officers while trying to abruptly exit a Miami-Dade courthouse and avoid being arrested, according to the Miami Herald", which is completely false. See Exhibit "A"

95.  The Article then states that, "A judge orders DP to be placed in custody, leading him to attempt to flee from the court, according to the Herald" which is false. See Exhibit "A"

96.  The Article continues by stating that, "While running, Patterson knocked down a female officer who hit her head, forcing her to go to the hospital, and he injured a male officer's wrist, according to the Herald" which is false. See Exhibit "A"

97.  The Article continues character assassination of DP by stating that, "In 2014, DP was with the Jets during the preseason, but was let go shortly after going missing and not showing up for a preseason game". Which is false. See Exhibit "A"

98.  The Article is false in its overall defamatory portrayal of DP as a violent, impulsive, unstable person. The Article is also defamatory in many of its specific details.

## DEFAMATORY STATEMENTS BY TRIBUNE PUBLISHING COMPANY AND NEW YORK DAILY NEWS

99.     " Former NFL cornerback injured two police officers during a failed escape from a Miami-Dade courtroom on Tuesday, according to officials".

100.    "After a family court judge in Miami-Dade ordered Patterson placed under custody, the 34-year-old Miami native took off for the exit, tackling a female officer who was guarding the courtroom doors, authorities told the Daily News."

101.    "Patterson injured a second officer who was also sent to the hospital with a minor wrist injury, police said."

102.    "Patterson.....is expected to face charges of battery on a law enforcement officer".

103.    "Dimitri Patterson tried to escape from a Miami courtroom on Tuesday, but injured two officers in the process."

## DEFAMATORY STATEMENTS BY FOX NEWS, FOX CORPORATION, AND TWENTY-FIRST CENTURY FOX, INC.

104.    "Ex Miami Dolphins Player Dimitri Patterson Assaults 2 officers, officials say".

105.    "Two Florida police officers were injured Tuesday when a former NFL cornerback tried to flee a Miami courthouse, officials said".

106.    "One officer suffered a head injury and a second officer sustained a wrist injury when they tried to arrest Dimitri Patterson, 34, for contempt of court, police told WSVN."

107.    "Some type of scuffle where the police or bailiffs or officers—two of them got involved," court interpreter Lucille Grenet told WSVN. "For whatever reason, the person was resisting."

108.    "Both officers were sent to a hospital and later released"

## DEFAMATORY STATEMENTS BY NEWS CORP AND NEW YORK POST

109.    "Former NFL cornerback Dimitri Patterson disappeared on the Jets"

110.    "The 34 year old injured two police officers while trying to bolt out of a Miami Dade family courtroom Tuesday, after the judge told him he would be going to jail."

111.   " Patterson…..will face more charges, including battery on a law enforcement officer, for trying to dash out of the courtroom, in the process knocking over an officer, who hit her head and was briefly hospitalized."

112.   "Another officer suffered a wrist injury"

113.   "In 2015 he faced felony child abuse charges, according to ESPN, for an incident in which an argument over a child support payments with an ex -girlfriend  allegedly ended with their 1-year-old son suffering a bruise to the head."

114.   "The veteran cornerback went AWOL for 48 hours, missing a pre -season game with the Giants and being gone from the team without notice for a weekend."

## DEFAMATORY STATEMENTS BY THE GANNETT COMPANY, INC. AND USA TODAY

115.   "Dimitri Patterson injures cops while running from court"

116.   "Former NFL player Dimitri Patterson injured two police officers while running from court room after being detained by judge".

117.   "Former NFL cornerback Dimitri Patterson injures two police officers while trying to escape a courtroom on Tuesday"

118.   "According to the Miami Herald, a judge in Miami-Dade Family Court, ordered Patterson to be taken into custody, and he took off running and knocked down a female officer who hit her head; forcing her to go to the hospital".

119.   "He also injured a male officer's wrist"

120.   "The 34-year-old was being detained Tuesday evening, and should face charges, including battery on a law enforcement officer".

121.   "He was arrested in 2015 for felony child abuse, according to ESPN.

## DEFAMATORY STATEMENTS BY WARNER MEDIA, LLC, TMZ, AND BLEACHER REPORT

122.  " Ex- NFL Player Dimitri Patterson Tackled Cop… Police Report Says."

123.  "Patterson violently tried to escape a courtroom."

124.  " The defendant ran towards the door of the courtroom to exit."

125.  " While running towards the door, the defendant tackled officer B. Robert causing her to fall backwards and sustaining an injury to the back of her head."

126.  "The Police report says Patterson continued to struggle with officers and pulled another cop to avoid being handcuffed."

127.  "Patterson injured two police officers while trying to abruptly exit a Miami-Dade-courthouse and avoid being arrested."

128.  "A female officer suffered neck and back injuries, and a male officer injured his wrist while apprehending Patterson".

129.  "It took five Miami-Dade Police officers to tackle Patterson and get him under control."

130.  "Later adding Patterson arrest record reported that "with a handcuff around one wrist, he tackled one cop and knocked another to the ground before three other officers joined in and took control of the situation.

131.  "One cop suffered a head injury, another hurt a wrist."

132.  "Patterson was in a hearing for a potential contempt of court from a prior hearing, per Rabin."

133.  "He was charged with both battery on a law enforcement officer and resisting arrest with violence".

134.  "He was eventually arrested and booked for battery on an officer and resisting arrest— both felonies."

135. "Patterson injured two police officers while trying to abruptly exit a Miami-Dade courthouse and avoid being arrested."

136. "A female officer suffered neck and back injuries, and a male officer injured his wrist while apprehending Patterson".

137. "It took five Miami-Dade Police officers to tackle Patterson and get him under control."

138. "Later adding Patterson arrest record reported that "with a handcuff around one wrist, he tackled one cop and knocked another to the ground before three other officers joined in and took control of the situation.

139. "One cop suffered a head injury, another hurt a wrist"

140. "Patterson was in a hearing for a potential contempt of court from a prior hearing, per Rabin."

141. "He was charged with both battery on a law enforcement officer and resisting arrest with violence".

## DEFAMATORY STATEMENTS BY VERIZON COMMUNICATIONS, INC. VERIZON MEDIA, LLC, AND YAHOO

142. "Longtime NFL cornerback has tried giving cops the slip before, but wasn't successful this time."

143. "According to Jordan McPherson of the Miami Herald, Patterson was arrested this week after a felony warrant was issued for him in Miami last November."

144. "The charges from the warrant were for battery and culpable negligence."

145. "He was detained in Orlando".

146. "The Jets got rid of him after he failed to show up for a preseason game in 2014."

147. "Last summer Patterson injured two Police officers while trying to escape from a courtroom."

148.   "Patterson was subsequently charged with battery on a law enforcement officer and resisting arrest with violence."

## DEFAMATORY STATEMENTS BY COMCAST CORP., NBC UNIVERSAL MEDIA, AND FOOTBALLTALK, LLC.

149.   "Longtime NFL cornerback has tried giving cops the slip before, but wasn't successful this time."

150.   "According to Jordan McPherson of the Miami Herald, Patterson was arrested this week after a felony warrant was issued for him in Miami last November."

151.   "The charges from the warrant were for battery and culpable negligence."

152.   "He was detained in Orlando".

153.   "The Jets got rid of him after he failed to show up for a preseason game in 2014."

154.   "Last summer Patterson injured two Police officers while trying to escape from a courtroom."

155.   "A former Miami Dolphins player who was ordered into custody during a family court hearing in Miami on Tuesday injured two officers when he tried to flee, authorities said".

156.   "As Patterson tried to run out a door, he tackled a female officer, who fell and hit her head, police said. Another female officer suffered a hand injury before Patterson was taken into custody."

157.   "Former Eagles cornerback Dimitri Patterson injured two officers while he trying to flee during a family court hearing on Tuesday, according to the police", via the Miami Herald.

158.   "Patterson was charged with felony child abuse in 2015 after an altercation with his former girlfriend in Aventura ended with his 1-year-old son being bruised, ESPN reported."

159.   "Patterson met his ex-girlfriend at Aventura Mall on August 1, 2015, for a custody exchange of their 1-year-old child when an argument ensued over child support payments."

160.   "While placing the boy in the back seat of the car, Medina told Patterson to calm down, warning him that she wouldn't allow him to take the child," Cimini reported.

161.   "Patterson grabbed her around her neck and threw her to the ground, according to the incident report."

162.   "While this occurred, Medina was holding [the boy]. This action caused him to fall also and hit his head".

163.   "Court records show Patterson was eventually acquitted of battery and culpable negligence and battery."

164.   "Patterson was last with the Jets in 2014 but suspended indefinitely by the team after leaving without contacting the organization."

165.   "Dimitri Patterson injures 2 police officers trying to flee court room".

166.   "Former Eagles cornerback Dimitri Patterson injured two police officers while trying to flee during a family court hearing on Tuesday, according to police…".

167.   "Patterson, 34, appeared in Lawson E. Thomas Court Center when he was ordered by the judge to be taken into custody. At that time, he tried to run out of the door and tackled a female officer who fell and hit her head, while another officer suffered a wrist injury before Patterson was taken into custody."

168.   "This isn't Patterson's first brush with the law." "The Miami native was charged with felony child abuse."

169.   "Per police reports obtained from the incident, Patterson met his ex-girlfriend at Aventura Mall on Aug. 1, 2015, for a custody exchange of their 1-year-old child when an argument ensued over child support payments."

170. "While placing the boy in the back seat of the car, Medina told Patterson to calm down, warning him that she wouldn't allow him to take the child."

171. "Patterson 'grabbed her around her neck and threw her to the ground.' 'While this occurred, [Medina] was holding [the boy]. This action caused [him] to fall also and hit his head.'

172. "Court records show Patterson was eventually acquitted for culpable negligence and battery."

173. "Court records show Patterson was eventually acquitted for culpable negligence and battery.

174. "Suspended indefinitely by the team after leaving without contacting the organization."

## DEFAMATORY STATEMENTS BY VOX MEDIA, INC. SB NATION, AND BLEEDING GREEN NATION

175. "Patterson recently injured two police officers while trying to escape from a courtroom, per ESPN".

176. "When the judge ordered his arrest, Patterson attempted to bolt from the courtroom and tackled two officers, police said."

177. "Former Eagles cornerback injures police officers while trying to escape courtroom."

178. "Patterson recently injured two police officers while trying to escape from a courtroom."

179. "He could face additional charges, and he remains in custody."

180. "Patterson was arrested on a felony child abuse charge."

181. "It sounds like Patterson could be in even more trouble following this latest incident."

## DEFAMATORY STATEMENTS BY BH MEDIA GROUP, INC., AND WPLG LOCAL 10

182.    "Two officers were injured Tuesday when a former Miami Dolphin cornerback tried to

escape from a courtroom at the Lawson E. Thomas Courthouse Center in downtown Miami,

authorities said."

183.    "Miami-Dade Police spokeswoman Jennifer Capote said Dimitri Patterson, 34, was

appearing in family court in the courthouse at 175 N.W. First Ave. when Judge William

Altfield told him that he would be going to jail."

184.    "Authorities said Patterson tried to escape from courtroom 2A and tackled a female

officer."

185.    "The officer struck her head and was taken to a hospital."

186.    "Capote said another officer suffered minor injuries during the attempted escape."

187.    "Patterson was arrested after an incident with his child's mother on August. 1, 2015, at

the Aventura Mall."

188.    "Patterson met his girlfriend for a custody exchange of their then 1-year-old son and an

argument ensued over child support payments."

189.    "Police said that the baby suffered a bruise to the back of his head."

190.    "Authorities said the ex-girlfriend, Erika Medina, suffered redness to her neck area and a

cut to her left elbow."

191.    "Patterson was arrested on charges of felony child abuse and misdemeanor battery".

192.    "Records show that Patterson was previously acquitted by a jury on charges of

misdemeanor battery and culpable negligence."

### DEFAMATORY STATEMENTS BY THE DAILY CALLER, INC.

193.    "Dimitri Patterson, a former cornerback for the Miami Dolphins, injured two police

officers in a Miami courthouse on Tuesday."

194.   "The officers were trying to arrest Patterson for contempt of court when he began to flee."

195.   "As he attempted to flee the courtroom, one officer suffered a head injury, while the other one hurt their wrist."

196.   "A court reporter told WSVN, 'Some type of scuffle where the police or bailiffs or officers—two of them got involved. For whatever reason, the person was resisting."

197.   "The officers both went to the hospital after the incident, but were later released."

198.   "Patterson was arrested for battery of a police officer and has added a charge to whatever the reason he was in court in the first place".

## DEFAMATORY STATEMENTS BY THE COX MEDIA GROUP AND FANBUZZ

199.   "A former NFL cornerback got so combative during a court hearing that it took five officers to subdue him, and two were injured in the process, according to an arrest affidavit reviewed by the Miami Herald."

200.   " Dimitri Patterson……was arrested after the altercation in Miami Dade Circuit Court."

201.   "He was charged, the Herald reported, with battery on a law enforcement officer and resisting arrest with violence."

202.   "Patterson was in court on Tuesday…..when a judge ordered him taken into custody, he tried to bolt the courtroom."

203.   "Police told the Herald that a female officer hit her head and a male officer injured his wrist while trying to subdue Patterson."

204.   "Failed to show up for a pre-season game"

## DEFAMATORY STATEMENTS BY IBT MEDIA, INC., NEWSWEEK MEDIA GROUP, INC., AND IBTIMES.COM

205.   "*Ex- NFL player Dimitri Patterson arrested for injuring two cops while fleeing court.*"

206. "An officer reportedly suffered a head injury and another officer suffered a wrist injury as they attempted to subdue Patterson."

207. "According to the Miami Herald, Patterson lost his cool while Miami Dade Circuit Judge William Altfield determined whether to charge him with contempt of court from an earlier hearing."

208. "The court became concerned with Patterson's behavior and requested police presence to "keep the peace".

209. " As he was being taken into custody, Patterson ran towards the doors of the Lawson E. Thomas Courthouse Center."

210. "With one hand in handcuffs, he tackled one officer and knocked down another to the ground."

211. "Patterson was taken into custody on Tuesday and charged with battery on a law enforcement officer and resisting arrest with violence."

212. "Patterson was acquitted by a jury for culpable negligence and battery in July."

## DEFAMATORY STATEMENTS BY MICROSOFT CORPORATION AND MSN.COM

213. *"Former Player Dimitri Patterson Injures Cops While Running From Court"*

214. *" Former NFL Player Dimitri Patterson injured two police officers while running from court room after being detained by judge. "*

## DEFAMATORY STATEMENTS BY ESPN, INC., AND RICH CIMINI

215. "Dimitri Patterson in custody after courtroom escape attempt".

216. "A female officer suffered neck and back injuries, and a male officer injured his wrist while apprehending Patterson"

217. "Patterson appeared in a "family court" hearing on Tuesday due to a prior incident. "He could face additional charges, and he remains in custody".

218. "When the judge ordered his arrest, Patterson attempted to bolt the courtroom and tackled two officers, police said."

219. "Dimitri Patterson Facing Felony Child Abuse Charge".

220. "Former NFL cornerback Dimitri Patterson, went AWOL from the New York Jets, is facing a felony child abuse charge stemming from an Aug. 1 altercation."

221. "Met a former girlfriend for a custody exchange of their 1-year-old son and an argument ensued over child support payments, according to an Aventura Police Department report."

222. "The alleged incident ended with the child suffering a bruise to the back of the head."

223. "Ericka Medina, 28, who told police she dated Patterson for four years, suffered redness to her neck area and a cut to her left elbow."

224. "Medina told police that Patterson displayed "an aggressive tone."

225. "She wanted to document it because Patterson had been "violent to her in the past."

226. "Patterson "grabbed her around her neck and threw her to the ground."

227. " This action caused [him] to fall also and hit his head."

228. "An eyewitness who works at the shopping mall corroborated the account with a statement to police."

229. "In addition to child abuse, he was charged with misdemeanor battery."

230. "The Jets were blindsided when Patterson never showed up for a preseason game."

231. "He was AWOL for 48 hours".

232. "Eight days after the team confirmed he was missing."

**DEFAMATORY STATEMENTS BY GATEHOUSE MEDIA, NEW MEDIA, AND PALM BEACH POST**

233.   " Dimitri Patterson,.....attended a hearing at Lawson E. Thomas Courthouse Center in Miami on Tuesday, according to the Miami Herald."

234.   "Following Judge William Altfield's order that Patterson be taken into custody, Patterson ran out of the courtroom, knocking over a female officer and causing her to hit her head."

235.   "Patterson was arrested in 2015 and charged with felony child abuse."

236.   "Court records obtained by the Miami Herald also show that he was acquitted for culpable negligence and battery in July."

237.   "Patterson was.....charged with battery on a law enforcement officer.

## DEFAMATORY STATEMENTS BY CBS BROADCASTING, CBS TELEVISION, INC., AND CBS CORPORATION

238.   "Courtroom chaos today involving a former member of the Miami Dolphins".

239.   "Thirty-four-year-old Dimitri Patterson, was booked into jail tonight".

240.   "He's accused of running from a courtroom at the family courthouse of Miami when an Officer tried to place him into custody".

241.   "A female Officer hurt her head in the melee, and another Officer hurt his wrist".

242.   "Patterson played eight games for the Dolphins in 2012 and 2013".

## DEFAMATORY STATEMENTS BY AMERICAN BROADCASTING COMPANIES, INC. AND DISNEY INTERACTIVE STUDIOS, INC.

243.   "Former NFL cornerback Dimitri Patterson who went AWOL..."

244.   Former NFL cornerback Dimitri Patterson "is facing a felony child abuse charge".

245.   "Patterson "grabbed her around her neck and threw her to the ground..."

246.   "In addition to child abuse, he was charged with misdemeanor battery. An Aug. 31 hearing date is scheduled".

247.   "He was AWOL for 48 hours..."

## FALSITY

248.    All of the Articles are false in their overall portrayal of DP as a violent, impulsive, unstable, heartless, cruel person, who is abusive to women and children, and a fugitive evading felony charges. The Articles are also defamatory in many of their specific details.

249.    DP never injured any police officers while running out of a courtroom at the Lawson E. Thomas Courthouse in downtown Miami, nor did a Judge order for him to be taken into custody. There are cameras outside and inside the courtroom, which supports this and there are no official judicial proceedings or documentation that exists of a judge holding DP in contempt of court.

250.    DP was never facing the charge of battery on a law enforcement officer, nor was there a legal hearing requiring DP to be at the Lawson E. Thomas Courthouse. You must first have a valid case number with a legal charging document on file. This can easily be proven by requesting copies of certified court records from the Clerk.

251.    All of the Defendants' Articles are published based on a purported person, or, on an unverified source. In addition, there is no record of an official statement from a Miami-Dade Police Officer, nor did the Defendants publish a Final Police Report.

252.    DP does not have a 1-year-old son, nor did he do any of the defamatory statements in any of the Defendants' Articles.

253.    DP was never legally acquitted of battery and culpable negligence by a jury in July, 2017, because he was never legally charged with those two crimes. You cannot acquit a person of a crime that they were never charged with pursuant to Florida law.

254.    DP has never had a warrant issued for his arrest with the purported charges of battery and culpable negligence.

255.   The Orange County Sherriff's Office did not find DP in Orlando, nor did they arrest him on a warrant.

256.   There is no legal enforceable Order issuing a $180,000.000 bond.

257.   DP has never been indicted of a crime pursuant to Florida law.

258.   There is no legal enforceable Administrative Child Support Order.

259.   DP never choked the purported victim at the Aventura Mall.

260.   DP never abused a person in his life.

## MALICE

261.   Malice is defined as, when a statement is made with knowledge that it was false, or, reckless disregard, whether it was false or not. _New York Times Co v. Sullivan_ 376 U.S. at 279-80 (1964). The Defendant's state of mind can be proved circumstantially as well. _See St. Amant v. Thompson_, 390 U.S. 727, 732, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968); _Hunt v. Liberty Lobby_, 720 F.2d 631, 643 (11th Cir. 1983).

262.   Inasmuch as defendants did not know the statement was false, plaintiff's claim rests on proof of a reckless disregard of whether it was false or not. To satisfy the reckless disregard standard, plaintiff had to establish that defendants in fact " 'entertained serious doubts as to the truth of the publication' " or that they actually had a "'high degree of awareness of its probable falsity'" (_Harte-Hanks Communications v Connaughton_, 491 US 657, 667,.

263.   The Defendants had no qualified privilege to make false and defamatory statements against the Plaintiff, nor was there any interest, or, a legal, moral, or, social duty in regard to a certain subject (Dimitri Patterson), when speaking to another "having a corresponding interest or duty." Examples: "a communication to an employer regarding his employee's performance"; "communications for bona fide commercial purposes where the interest to be protected is the recipient's"; "statements of a citizen to a

political authority regarding matters of public concern."

264.    The evidence shows that the Defendants did not publish the defamatory article in truth, or, with good motive. The objective was simply to secure an irresistible story at the expense of the Plaintiff's reputation and well-being.

265.    All Defendants published their defamatory articles by citing inaccurate details from an unverified source.

266.    There is no official statement by a government official documented at the time the infringing articles were published.

267.    The evidence proves all Defendants knew the statements were false because they published the defamatory articles without a verified source. This proves all of the Defendants had a high degree of awareness of the Articles falsity.

268.    All of the Defendants purposefully avoided verifying an official statement by a government official, this "inaction was a product of a deliberate decision not to acquire knowledge of facts that might confirm the probable falsity" of the published statements (*Harte-Hanks Communications v Connaughton, 491 US, at 692,* This proves the intentional avoidance of truth. See **Exhibit "A"**.

269.    The  Articles fall well short of an authentic news dispatch, because it lacks verified sources and are hearsay.

270.    All of the Defendants imputed multiple felonies to the Plaintiff.

271.    There is no evidence that proves all of the Defendants republished accurate, fair, and impartial statements from a government official, or, obtained information from official court proceedings and records, which constitutes deliberate avoidance of the truth by the Defendants.

272.   There are no official records that detail official judicial proceedings in this action. The unlawful arrest of the Plaintiff on August 15, 2017, was not an official judicial proceeding, nor was there an official arrest warrant presented at the time of the unlawful arrest on May 7, 2018.

273.   The evidence proves all of the Defendants cannot and will not prove they received an official statement from a government official before the defamatory articles were published, which proves that all of the Defendants had reckless disregard and purposefully avoided the truth. See **Exhibit "A"**

274.   The evidence shows the Defendants cannot and will not prove they received an official warrant pursuant to Florida Rules of Criminal Procedure 3.121 and 3.131 before publishing the Article, which proves the Defendants deliberately avoided finding the facts.

275.   The evidence proves that all of the Defendants sources are <u>unverified</u> and <u>do not exist</u>.

276.   Out of their own imagination, all of the Defendants published the Articles with negligence, gross irresponsibility, and with actual malice. The Defendants knew that they were publishing a devastating portrait of the Plaintiff as a violent, impulsive, unstable, heartless, and cruel person without any <u>verified source</u> to support their Articles.

277.   "Professions of good faith will be unlikely to prove persuasive, for example, where a story is fabricated by the defendant, is the product of his imagination, or is based wholly on an <u>unverified anonymous telephone call</u>. Nor will they be likely to prevail when the publisher's allegations are so inherently improbable that only a reckless man would have put them in circulation. Likewise, recklessness may be found where there are obvious reasons to doubt the veracity of the informant or the accuracy of his reports". *St. Amant v. Thompson,* *390 U.S.* at 732, 88 Ct. 1323.

278.    Here, the evidence proves the Defendants' Articles are based wholly on <u>unverified</u> anonymous sources. See **Exhibit "A"**

279.    The Defendants cannot and will not prove they reported on an official judicial proceeding.

280.    With full knowledge of the absence of a <u>verified official statement</u> from a government official or <u>official records,</u> the Defendants knowingly, maliciously, and recklessly published defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to disseminate the defamatory statements throughout the Internet.

281.    There are no official records that detail official judicial proceedings in this action. The unlawful arrest of the Plaintiff on August 15, 2017 was not an official judicial proceeding.

282.    The Defendants had obvious reasons to doubt the veracity of the information reported because there was no evidence of official records or an official statement from a government official when the Articles were published.

283.    The evidence proves that the Defendants published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendants had a high degree of awareness of the falsity of the publications.

284.    To publish defamatory statements without an official statement by a government official or, official records, is a product of a deliberate decision not to acquire knowledge of facts that might confirm the probable falsity of the defamatory statements proving that only a reckless publisher such as the Defendants, would have put such allegations into circulation.

### GOOGLE LLC

285.    On October 15, 2018, October 16, 2018, June 26, 2019, June 27, 2019, July 1, 2019, August 15, 2019, and August 27, 2019, the Plaintiff sent qualifying Take Down Notices

pursuant to the DMCA notifying Google of infringing URL's concerning the Plaintiff's name listed on their platform, Google.com.

286.    Google responds to the Plaintiff's DMCA Notices by refusing to remove the infringing URL's.

## COUNT 1
### (5th Amendment)
### The Meredith Corporation

287.    The Plaintiff re-alleges each and every allegation in paragraphs 94-98, and 248-284, inclusive, as it is fully stated herein.

288.    The Plaintiff has a right to be left alone.

289.    The Plaintiff has a right to be free in personal autonomy.

290.    The Plaintiff has a property right in his name.

291.    The Defendant benefitted from publishing defamatory and infringing statements concerning the Plaintiff's name without consent, which proves to be arbitrary and an intentional obstruction of the Plaintiff's due process.

292.    A reasonable publisher would have drawn an inference to the risks shown.

293.    As a result of the unauthorized publishing in use of the Plaintiff's name, the Defendant recklessly invaded the Plaintiff's privacy.

294.    Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson, and he is entitled to damages and injunctive relief.

## COUNT II
### (9th Amendment)
### The Meredith Corporation

295.   The Plaintiff re-alleges each and every allegation in paragraphs 92-96, and 241-277

inclusive, as it is fully stated herein.

296.   The 9th Amendment is a reservoir of personal rights necessary to preserve the dignity and

existence of men in a free society. *State vs. Abellano*, 441 P.2d 333 (Ha. 1968); Id. at 337,

339.

297.   The Plaintiff has a right to personal dignity.

298.   The Plaintiff has a right to his personality and likeness.

299.   The Plaintiff has a right to social wellbeing.

300.   The Plaintiff has a right to economic wellbeing.

301.   The Plaintiff has a right to personal autonomy.

302.   The Plaintiff has a right to be left alone.

303.   All rights are retained that has not been surrendered. *United States* v. *Darby*, 312 U. S.

100, 124.

304.   All rights that are not specifically described in the Bill of Rights are retained by the

people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

305.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional

distress, anguish, substantial damage to his well-being, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri

Patterson in paragraphs 92-96, and 241-277, and as a result, he is entitled to damages and injunctive relief.

## COUNT III
### (Intentional Infliction of Emotional Distress)
### The Meredith Corporation

306.  The Plaintiff re-alleges each and every allegation in paragraphs 92-96, and 241-277, inclusive, as it is fully stated herein.

307.  The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully, recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff, which they knew or should have known to be false.

308.  The defamatory statements described in paragraphs 92-96, and 241-277 constitute outrageous conduct against the Plaintiff.

309.  The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless disregard of the high probability of causing the Plaintiff to suffer emotional distress.

310.  A reasonable person in Plaintiff's position would consider Defendant's conduct as outrageous.

311.  The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive relief.

## COUNT IV
### (Invasion of Privacy – False Light)
### The Meredith Corporation

312.  The Plaintiff re-alleges each and every allegation in paragraphs 92-96, and 241-277, inclusive, as it is fully stated herein.

313.   The Defendant, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The published statements by the Defendant portrayed the Plaintiff in a false light to the public.

314.   Defendant's defamatory statements were not privileged.

315.   Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

316.   Here, the evidence proves the Defendant's Articles are based wholly on <u>unverified</u> anonymous sources.

317.   The Defendant cannot and will not prove they reported on an official judicial proceeding.

318.   This was the case where the articles published were a complete fabrication with no <u>official statement by a government official</u> in existence when the Defendant published the Articles, which proves that the Defendant knew the statements were false and purposefully avoided the truth.

319.   The evidence proves that the Defendant published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendant had a high degree of awareness of the falsity of the publications.

320.   The Defendant has interfered with the Plaintiff's right to be left alone.

321.   The Defendant disseminated statements to the public. Restatement (Second) of Torts § 652D comment a (1977).

322.   A reasonable person will find the Defendant's publication to be highly offensive.

323.   As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

324.   With full knowledge of the absence of a <u>verified official statement</u> from a government official, or, <u>official records,</u> the Defendant knowingly, maliciously, and recklessly published

defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to disseminate the defamatory statements throughout the Internet and the State of Florida.

325.    Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of his reputation of in paragraphs 92-96, and 241-277, and as a result, he is entitled to damages and injunctive relief.

## COUNT V
### (Negligent Infliction of Emotional Distress)
### The Meredith Corporation

326.    The Plaintiff re-alleges each and every allegation in paragraphs 92-96, and 241-277, inclusive, as it is fully stated herein.

327.    The Defendant was negligent when publishing defamatory statements in the article above, which inflicted emotional distress on the Plaintiff.

328.    The Defendant failed to use reasonable care when publishing the defamatory statements.

329.    A reasonable publisher under similar circumstances would not have published the defamatory statements in the article above.

330.    As a result of the Defendant's negligence, the Plaintiff has been severely injured.

331.    Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

and proximate result of the Defendant's cynical exploitation of his reputation in paragraphs 92-96, and 241-277, and as a result, he is entitled to damages and injunctive relief.

### COUNT VI
### (Invasion of Privacy – Appropriation of Name and Likeness)
### Meredith Corporation

332.   The Plaintiff re-alleges each and every allegation in paragraphs 92-96, and 241-277 inclusive, as it is fully stated herein.

333.   The Defendant has benefitted from the unauthorized exploitation of the Plaintiff's name.

334.   The Plaintiff is an ex-NFL Veteran and a public figure, which adds value to his name and likeness.

335.   The Plaintiff is the exclusive rights Owner of his name and likeness.

336.   The Defendant has interfered with the Plaintiff's right to be left alone.

337.   A reasonable person will find the Defendant's actions to be highly offensive.

Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of his reputation in paragraphs 92-96, and 241-277, and as a result, he is entitled to damages and injunctive relief.

### COUNT 1
### (5th Amendment)
### Warner Media LLC, TMZ, Bleacher Report

338.   The Plaintiff re-alleges each and every allegation in paragraphs 120-139, and 241-277, inclusive, as it is fully stated herein.

339.   The Plaintiff has a right to be left alone.

340. The Plaintiff has a right to be free in personal autonomy.

341. The Plaintiff has a property right in his name.

342. The Defendant benefitted from publishing defamatory and infringing statements concerning the Plaintiff's name without consent, which proves to be arbitrary and an intentional obstruction of the Plaintiff's due process.

343. A reasonable publisher would have drawn an inference to the risks shown.

344. As a result of the unauthorized publishing in use of the Plaintiff's name, the Defendant recklessly invaded the Plaintiff's privacy.

345. Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson, and he is entitled to damages and injunctive relief.

### COUNT II
### (9th Amendment)
### Warner Media LLC, TMZ, Bleacher Report

346. The Plaintiff re-alleges each and every allegation in paragraphs 120-139, and 241-277 inclusive, as it is fully stated herein.

347. The 9th Amendment is a reservoir of personal rights necessary to preserve the dignity and existence of men in a free society. *State vs. Abellano*, 441 P.2d 333 (Ha. 1968); Id. at 337, 339.

348. The Plaintiff has a right to personal dignity.

349. The Plaintiff has a right to his personality and likeness.

350.   The Plaintiff has a right to social wellbeing.

351.   The Plaintiff has a right to economic wellbeing.

352.   The Plaintiff has a right to personal autonomy.

353.   The Plaintiff has a right to be left alone.

354.   All rights are retained that has not been surrendered. _United States_ v. _Darby_, 312 U. S. 100, 124.

355.   All rights that are not specifically described in the Bill of Rights are retained by the people. _Griswold v. Connecticut_, 381 US 479 – Supreme Court (1965)

356.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 120-139, and 241-277, and as a result, he is entitled to damages and injunctive relief.

### COUNT III
### (Intentional Infliction of Emotional Distress)
### Warner Media LLC, TMZ, Bleacher Report

357.   The Plaintiff re-alleges each and every allegation in paragraphs 120-139, and 241-277, inclusive, as it is fully stated herein.

358.   The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully, recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff, which they knew or should have known to be false.

359.   The defamatory statements described in paragraphs 120-139, and 241-277 constitute

outrageous conduct against the Plaintiff.

360.   The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless disregard of the high probability of causing the Plaintiff to suffer emotional distress.

361.   A reasonable person in Plaintiff's position would consider Defendant's conduct as outrageous.

362.   The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and proximate result of the Defendant's action in paragraphs 120-139, and 241-277, the Plaintiff is entitled to damages and injunctive relief.

**COUNT IV**
**(Invasion of Privacy – False Light)**
**Warner Media LLC, TMZ, Bleacher Report**

363.   The Plaintiff re-alleges each and every allegation in paragraphs 120-139, and 241-277, inclusive, as it is fully stated herein.

364.   The Defendant, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The published statements by the Defendant portrayed the Plaintiff in a false light to the public.

365.   Defendant's defamatory statements were not privileged.

366.   Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

367.   Here, the evidence proves the Defendant's Articles are based wholly on <u>unverified</u> anonymous sources.

368.   The Defendant cannot and will not prove they reported on an official judicial proceeding.

369.   This was the case where the articles published were a complete fabrication with no official statement by a government official in existence when the Defendant published the Articles, which proves that the Defendant knew the statements were false and purposefully avoided the truth.

370.   The evidence proves that the Defendant published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendant had a high degree of awareness of the falsity of the publications.

371.   The Defendant has interfered with the Plaintiff's right to be left alone.

372.   The Defendant disseminated statements to the public. Restatement (Second) of Torts § 652D comment a (1977).

373.   A reasonable person will find the Defendant's publication to be highly offensive.

374.   As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

375.   With full knowledge of the absence of a verified official statement from a government official, or, official records, the Defendant knowingly, maliciously, and recklessly published defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to disseminate the defamatory statements throughout the Internet and the State of Florida.

376.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 120-139, and 241-277, and as a result, he is entitled to damages and injunctive relief.

## COUNT V
### (Negligent Infliction of Emotional Distress)
### Warner Media LLC, TMZ, Bleacher Report

377.    The Plaintiff re-alleges each and every allegation in paragraphs 120-139, and 241-277, inclusive, as it is fully stated herein.

378.    The Defendant was negligent when publishing defamatory statements in the article above, which inflicted emotional distress on the Plaintiff.

379.    The Defendant failed to use reasonable care when publishing the defamatory statements.

380.    A reasonable publisher under similar circumstances would not have published the defamatory statements in the article above.

381.    As a result of the Defendant's negligence, the Plaintiff has been severely injured.

382.    Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 120-139, and 241-277, and as a result, he is entitled to damages and injunctive relief.

## COUNT VI
### (Invasion of Privacy – Appropriation of Name and Likeness)
### Warner Media LLC, TMZ, Bleacher Report

383.    The Plaintiff re-alleges each and every allegation in paragraphs 120-139, and 241-277 inclusive, as it is fully stated herein.

384.    The Defendant has benefitted from the unauthorized exploitation of the Plaintiff's name.

385.   The Plaintiff is an ex-NFL Veteran and a public figure, which adds value to his name and likeness.

386.   The Plaintiff is the exclusive rights Owner of his name and likeness.

387.   The Defendant has interfered with the Plaintiff's right to be left alone.

388.   A reasonable person will find the Defendant's actions to be highly offensive.

389.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 120-139, and 241-277, as a result, he is entitled to damages and injunctive relief.

### COUNT 1
### (5th Amendment)
### NBC Universal Media LLC And Comcast Corp.

390.   The Plaintiff re-alleges each and every allegation in paragraphs 147-172, and 241-277 inclusive, as it is fully stated herein.

391.   The Plaintiff has a right to be left alone.

392.   The Plaintiff has a right to be free in personal autonomy.

393.   The Plaintiff has a property right in his name.

394.   The Defendant benefitted from publishing defamatory and infringing statements concerning the Plaintiff's name without consent, which proves to be arbitrary and an intentional obstruction of the Plaintiff's due process.

395.   A reasonable publisher would have drawn an inference to the risks shown.

396.    As a result of the unauthorized publishing in use of the Plaintiff's name, the Defendant recklessly invaded the Plaintiff's privacy.

397.    Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 147-172, and 241-277, and as a result, he is entitled to damages and injunctive relief.

## COUNT II
### (9th Amendment)
### NBC Universal Media LLC And Comcast Corp.

398.    The Plaintiff re-alleges each and every allegation in paragraphs 147-172, and 241-277 inclusive, as it is fully stated herein.

399.    The 9th Amendment is a reservoir of personal rights necessary to preserve the dignity and existence of men in a free society. *State vs. Abellano*, 441 P.2d 333 (Ha. 1968); Id. at 337, 339.

400.    The Plaintiff has a right to personal dignity.

401.    The Plaintiff has a right to his personality and likeness.

402.    The Plaintiff has a right to social wellbeing.

403.    The Plaintiff has a right to economic wellbeing.

404.    The Plaintiff has a right to personal autonomy.

405.    The Plaintiff has a right to be left alone.

406.   All rights are retained that has not been surrendered. *United States* v. *Darby,* 312 U. S.

100, 124.

407.   All rights that are not specifically described in the Bill of Rights are retained by the

people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

408.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional

distress, anguish, substantial damage to his well-being, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri

Patterson in paragraphs 147-172, and 241-277, and as a result he is entitled to damages and

injunctive relief.

### COUNT III
### (Intentional Infliction of Emotional Distress)
### NBC Universal Media LLC And Comcast Corp.

409.   The Plaintiff re-alleges each and every allegation in paragraphs 147-172, and 241-277,

inclusive, as it is fully stated herein.

410.   The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully,

recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff,

which they knew or should have known to be false.

411.   The defamatory statements described in paragraphs 37-41, 73-77, and 221-259 constitute

outrageous conduct against the Plaintiff.

412.   The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the

alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless

disregard of the high probability of causing the Plaintiff to suffer emotional distress.

413.   A reasonable person in Plaintiff's position would consider Defendant's conduct as outrageous.

414.   The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and proximate result of the Defendant's action in paragraphs 147-172, and 241-277, the Plaintiff is entitled to damages and injunctive relief.

## COUNT IV
### (Invasion of Privacy – False Light)
### NBC Universal Media LLC And Comcast Corp.

415.   The Plaintiff re-alleges each and every allegation in paragraphs 147-172, and 241-277, inclusive, as it is fully stated herein.

416.   The Defendant, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The published statements by the Defendant portrayed the Plaintiff in a false light to the public.

417.   Defendant's defamatory statements were not privileged.

418.   Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

419.   Here, the evidence proves the Defendant's Articles are based wholly on <u>unverified</u> anonymous sources.

420.   The Defendant cannot and will not prove they reported on an official judicial proceeding.

421.   This was the case where the articles published were a complete fabrication with no <u>official statement by a government official</u> in existence when the Defendant published the Articles, which proves that the Defendant knew the statements were false and purposefully avoided the truth.

422.    The evidence proves that the Defendant published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendant had a high degree of awareness of the falsity of the publications.

423.    The Defendant has interfered with the Plaintiff's right to be left alone.

424.    The Defendant disseminated statements to the public. Restatement (Second) of Torts § 652D comment a (1977).

425.    A reasonable person will find the Defendant's publication to be highly offensive.

426.    As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

427.    With full knowledge of the absence of a <u>verified official statement</u> from a government official, or, <u>official records,</u> the Defendant knowingly, maliciously, and recklessly published defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to disseminate the defamatory statements throughout the Internet and the State of Florida.

428.    Dimitri Patterson has suffered severe injuries in the form of  internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 147-172, and 241-277, he is entitled to damages and injunctive relief.

**COUNT V**
**(Negligent Infliction of Emotional Distress)**
**NBC Universal Media LLC And Comcast Corp.**

429.    The Plaintiff re-alleges each and every allegation in paragraphs 147-172, and 241-277, inclusive, as it is fully stated herein.

430.    The Defendant was negligent when publishing defamatory statements in the article above, which inflicted emotional distress on the Plaintiff.

431.    The Defendant failed to use reasonable care when publishing the defamatory statements.

432.    A reasonable publisher under similar circumstances would not have published the defamatory statements in the article above.

433.    As a result of the Defendant's negligence, the Plaintiff has been severely injured.

434.    Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 147-172, and 241-277, he is entitled to damages and injunctive relief.

**COUNT VI**
**(Invasion of Privacy – Appropriation of Name and Likeness)**
**NBC Universal Media LLC And Comcast Corp.**

435.    The Plaintiff re-alleges each and every allegation in paragraphs 147-172, and 241-277 inclusive, as it is fully stated herein.

436.    The Defendant has benefitted from the unauthorized exploitation of the Plaintiff's name.

437.    The Plaintiff is an ex-NFL Veteran and a public figure, which adds value to his name and likeness.

438.    The Plaintiff is the exclusive rights Owner of his name and likeness.

439.    The Defendant has interfered with the Plaintiff's right to be left alone.

440.    A reasonable person will find the Defendant's actions to be highly offensive.

441.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 147-172, and 241-277, he is entitled to damages and injunctive relief.

## COUNT 1
### (5th Amendment)
### Twenty-First Century Fox, Inc., And Fox Corporation

442.   The Plaintiff re-alleges each and every allegation in paragraphs 102-106, and 241-277, inclusive, as it is fully stated herein.

443.   The Plaintiff has a right to be left alone.

444.   The Plaintiff has a right to be free in personal autonomy.

445.   The Plaintiff has a property right in his name.

446.   The Defendant benefitted from publishing defamatory and infringing statements concerning the Plaintiff's name without consent, which proves to be arbitrary and an intentional obstruction of the Plaintiff's due process.

447.   A reasonable publisher would have drawn an inference to the risks shown.

448.   As a result of the unauthorized publishing in use of the Plaintiff's name, the Defendant recklessly invaded the Plaintiff's privacy.

449.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri

Patterson in paragraphs 102-106, and 241-277, he is entitled to damages and injunctive relief.

**COUNT II**
**(9th Amendment)**
**Twenty-First Century Fox, Inc., And Fox Corporation**

450.    The Plaintiff re-alleges each and every allegation in paragraphs 102-106, and 241-277

inclusive, as it is fully stated herein.

451.    The 9th Amendment is a reservoir of personal rights necessary to preserve the dignity and

existence of men in a free society. *State vs. Abellano*, 441 P.2d 333 (Ha. 1968); Id. at 337,

339.

452.    The Plaintiff has a right to personal dignity.

453.    The Plaintiff has a right to his personality and likeness.

454.    The Plaintiff has a right to social wellbeing.

455.    The Plaintiff has a right to economic wellbeing.

456.    The Plaintiff has a right to personal autonomy.

457.    The Plaintiff has a right to be left alone.

458.    All rights are retained that has not been surrendered. <u>*United States* v. *Darby*, 312 U. S.</u>

<u>100, 124.</u>

459.    All rights that are not specifically described in the Bill of Rights are retained by the

people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

460.    Dimitri Patterson has suffered severe injuries in the form of  internal and emotional

distress, anguish, substantial damage to his well-being, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

49

and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 102-106, and 241-277, as a result, he is entitled to damages and injunctive relief.

## COUNT III
### (Intentional Infliction of Emotional Distress)
### Twenty-First Century Fox, Inc., And Fox Corporation

461.   The Plaintiff re-alleges each and every allegation in paragraphs 102-106, and 241-277, inclusive, as it is fully stated herein.

462.   The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully, recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff, which they knew or should have known to be false.

463.   The defamatory statements described in paragraphs 102-106, and 241-277 constitute outrageous conduct against the Plaintiff.

464.   The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless disregard of the high probability of causing the Plaintiff to suffer emotional distress.

465.   A reasonable person in Plaintiff's position would consider Defendant's conduct as outrageous.

466.   The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and proximate result of the Defendant's action in paragraphs 102-106, and 241-277, the Plaintiff is entitled to damages and injunctive relief.

## COUNT IV
### (Invasion of Privacy – False Light)
### Twenty-First Century Fox, Inc., And Fox Corporation

467.   The Plaintiff re-alleges each and every allegation in paragraphs 102-106, and 241-277, inclusive, as it is fully stated herein.

468.   The Defendant, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The published statements by the Defendant portrayed the Plaintiff in a false light to the public.

469.   Defendant's defamatory statements were not privileged.

470.   Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

471.   Here, the evidence proves the Defendant's Articles are based wholly on <u>unverified</u> anonymous sources.

472.   The Defendant cannot and will not prove they reported on an official judicial proceeding.

473.   This was the case where the articles published were a complete fabrication with no <u>official statement by a government official</u> in existence when the Defendant published the Articles, which proves that the Defendant knew the statements were false and purposefully avoided the truth.

474.   The evidence proves that the Defendant published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendant had a high degree of awareness of the falsity of the publications.

475.   The Defendant has interfered with the Plaintiff's right to be left alone.

476.   The Defendant disseminated statements to the public. Restatement (Second) of Torts § 652D comment a (1977).

477.   A reasonable person will find the Defendant's publication to be highly offensive.

478.   As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

479.   With full knowledge of the absence of a <u>verified official statement</u> from a government

official, or, <u>official records,</u> the Defendant knowingly, maliciously, and recklessly published

defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to

disseminate the defamatory statements throughout the Internet and the State of Florida.

480.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional

distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri

Patterson in paragraphs 102-106, and 241-277, he is entitled to damages and injunctive relief.

**COUNT V**
**(Negligent Infliction of Emotional Distress)**
**Twenty-First Century Fox, Inc., And Fox Corporation**

481.   The Plaintiff re-alleges each and every allegation in paragraphs 102-106, and 241-277,

inclusive, as it is fully stated herein.

482.   The Defendant was negligent when publishing defamatory statements in the article

above, which inflicted emotional distress on the Plaintiff.

483.   The Defendant failed to use reasonable care when publishing the defamatory statements.

484.   A reasonable publisher under similar circumstances would not have published the

defamatory statements in the article above.

485.   As a result of the Defendant's negligence, the Plaintiff has been severely injured.

486.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional

distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 102-106, and 241-277, he is entitled to damages and injunctive relief.

**COUNT VI**
**(Invasion of Privacy – Appropriation of Name and Likeness)**
**Twenty-First Century Fox, Inc., And Fox Corporation**

487.   The Plaintiff re-alleges each and every allegation in paragraphs 102-106, and 241-277 inclusive, as it is fully stated herein.

488.   The Defendant has benefitted from the unauthorized exploitation of the Plaintiff's name.

489.   The Plaintiff is an ex-NFL Veteran and a public figure, which adds value to his name and likeness.

490.   The Plaintiff is the exclusive rights Owner of his name and likeness.

491.   The Defendant has interfered with the Plaintiff's right to be left alone.

492.   A reasonable person will find the Defendant's actions to be highly offensive.

493.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 102-106, and 241-277, he is entitled to damages and injunctive relief.

**COUNT 1**
**(5th Amendment)**
**Verizon Media LLC And Verizon Communications, Inc.**

494.   The Plaintiff re-alleges each and every allegation in paragraphs 140-146, and 241-277, inclusive, as it is fully stated herein.

495.   The Plaintiff has a right to be left alone.

496.   The Plaintiff has a right to be free in personal autonomy.

497.   The Plaintiff has a property right in his name.

498.   The Defendant benefitted from publishing defamatory and infringing statements concerning the Plaintiff's name without consent, which proves to be arbitrary and an intentional obstruction of the Plaintiff's due process.

499.   A reasonable publisher would have drawn an inference to the risks shown.

500.   As a result of the unauthorized publishing in use of the Plaintiff's name, the Defendant recklessly invaded the Plaintiff's privacy.

501.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 140-146, and 241-277, he is entitled to damages and injunctive relief.

**COUNT II**
**(9th Amendment)**
**Verizon Media LLC And Verizon Communications, Inc.**

502.   The Plaintiff re-alleges each and every allegation in paragraphs 140-146, and 241-277 inclusive, as it is fully stated herein.

503.   The 9th Amendment is a reservoir of personal rights necessary to preserve the dignity and existence of men in a free society. *State vs. Abellano*, 441 P.2d 333 (Ha. 1968); Id. at 337, 339.

504.   The Plaintiff has a right to personal dignity.

505.   The Plaintiff has a right to his personality and likeness.

506.   The Plaintiff has a right to social wellbeing.

507.   The Plaintiff has a right to economic wellbeing.

508.   The Plaintiff has a right to personal autonomy.

509.   The Plaintiff has a right to be left alone.

510.   All rights are retained that has not been surrendered. *United States* v. *Darby,* 312 U. S. 100, 124.

511.   All rights that are not specifically described in the Bill of Rights are retained by the people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

512.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 140-146, and 241-277, as a result, he is entitled to damages and injunctive relief.

## COUNT III
### (Intentional Infliction of Emotional Distress)
### Verizon Media LLC And Verizon Communications, Inc.

513.   The Plaintiff re-alleges each and every allegation in paragraphs 140-146, and 241-277, inclusive, as it is fully stated herein.

514.   The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully, recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff, which they knew or should have known to be false.

515.   The defamatory statements described in paragraphs 140-146, and 241-277 constitute outrageous conduct against the Plaintiff.

516.   The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless disregard of the high probability of causing the Plaintiff to suffer emotional distress.

517.   A reasonable person in Plaintiff's position would consider Defendant's conduct as outrageous.

518.   The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive relief.

**COUNT IV**
**(Invasion of Privacy – False Light)**
**Verizon Media LLC And Verizon Communications, Inc.**

519.   The Plaintiff re-alleges each and every allegation in paragraphs 140-146, and 241-277, inclusive, as it is fully stated herein.

520.   The Defendant, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The published statements by the Defendant portrayed the Plaintiff in a false light to the public.

521.   Defendant's defamatory statements were not privileged.

522.   Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

523.   Here, the evidence proves the Defendant's Articles are based wholly on <u>unverified</u> anonymous sources.

524.   The Defendant cannot and will not prove they reported on an official judicial proceeding.

525.   This was the case where the articles published were a complete fabrication with no official statement by a government official in existence when the Defendant published the Articles, which proves that the Defendant knew the statements were false and purposefully avoided the truth.

526.   The evidence proves that the Defendant published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendant had a high degree of awareness of the falsity of the publications.

527.   The Defendant has interfered with the Plaintiff's right to be left alone.

528.   The Defendant disseminated statements to the public. Restatement (Second) of Torts § 652D comment a (1977).

529.   A reasonable person will find the Defendant's publication to be highly offensive.

530.   As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

531.   With full knowledge of the absence of a verified official statement from a government official, or, official records, the Defendant knowingly, maliciously, and recklessly published defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to disseminate the defamatory statements throughout the Internet and the State of Florida.

532.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 140-146, and 241-277, he is entitled to damages and injunctive relief.

**COUNT V**
**(Negligent Infliction of Emotional Distress)**

**Verizon Media LLC And Verizon Communications, Inc.**

533.     The Plaintiff re-alleges each and every allegation in paragraphs 140-146, and 241-277, inclusive, as it is fully stated herein.

534.     The Defendant was negligent when publishing defamatory statements in the article above, which inflicted emotional distress on the Plaintiff.

535.     The Defendant failed to use reasonable care when publishing the defamatory statements.

536.     A reasonable publisher under similar circumstances would not have published the defamatory statements in the article above.

537.     As a result of the Defendant's negligence, the Plaintiff has been severely injured.

538.     Dimitri Patterson has suffered severe injuries in the form of  internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 140-146, and 241-277, he is entitled to damages and injunctive relief.

### COUNT VI
### (Invasion of Privacy – Appropriation of Name and Likeness)
### Verizon Media LLC And Verizon Communications, Inc.

539.     The Plaintiff re-alleges each and every allegation in paragraphs 140-146, and 241-277 inclusive, as it is fully stated herein.

540.     The Defendant has benefitted from the unauthorized exploitation of the Plaintiff's name.

541.     The Plaintiff is an ex-NFL Veteran and a public figure, which adds value to his name and likeness.

542.     The Plaintiff is the exclusive rights Owner of his name and likeness.

543.   The Defendant has interfered with the Plaintiff's right to be left alone.

544.   A reasonable person will find the Defendant's actions to be highly offensive.

545.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 140-146, and 241-277, he is entitled to damages and injunctive relief.

## COUNT 1
### (5th Amendment)
### CBS Broadcasting, Inc., CBS Television, Inc., CBS Corporation

546.   The Plaintiff re-alleges each and every allegation in paragraphs 236-240 and 241-277, inclusive, as it is fully stated herein.

547.   The Plaintiff has a right to be left alone.

548.   The Plaintiff has a right to be free in personal autonomy.

549.   The Plaintiff has a property right in his name.

550.   The Defendant benefitted from publishing defamatory and infringing statements concerning the Plaintiff's name without consent, which proves to be arbitrary and an intentional obstruction of the Plaintiff's due process.

551.   A reasonable publisher would have drawn an inference to the risks shown.

552.   As a result of the unauthorized publishing in use of the Plaintiff's name, the Defendant recklessly invaded the Plaintiff's privacy.

553.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 236-240 and 241-277, he is entitled to damages and injunctive relief.

### COUNT II
### (9th Amendment)
### CBS Broadcasting, Inc., CBS Television, Inc., CBS Corporation

554.   The Plaintiff re-alleges each and every allegation in paragraphs 236-240 and 241-277 inclusive, as it is fully stated herein.

555.   The 9th Amendment is a reservoir of personal rights necessary to preserve the dignity and existence of men in a free society. *State vs. Abellano*, 441 P.2d 333 (Ha. 1968); Id. at 337, 339.

556.   The Plaintiff has a right to personal dignity.

557.   The Plaintiff has a right to his personality and likeness.

558.   The Plaintiff has a right to social wellbeing.

559.   The Plaintiff has a right to economic wellbeing.

560.   The Plaintiff has a right to personal autonomy.

561.   The Plaintiff has a right to be left alone.

562.   All rights are retained that has not been surrendered. <u>*United States* v. *Darby*, 312 U. S. 100, 124.</u>

563.   All rights that are not specifically described in the Bill of Rights are retained by the people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

564.   Dimitri Patterson has suffered severe injuries in the form of  internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 236-240 and 241-277, as a result, he is entitled to damages and injunctive relief.

## COUNT III
### (Intentional Infliction of Emotional Distress)
### CBS Broadcasting, Inc., CBS Television, Inc., CBS Corporation

565.   The Plaintiff re-alleges each and every allegation in paragraphs 236-240 and 241-277 inclusive, as it is fully stated herein.

566.   The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully, recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff, which they knew or should have known to be false.

567.   The defamatory statements described in paragraphs 236-240, constitute outrageous conduct against the Plaintiff.

568.   The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless disregard of the high probability of causing the Plaintiff to suffer emotional distress.

569.   A reasonable person in Plaintiff's position would consider Defendant's conduct as outrageous.

570.   The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive relief.

**COUNT IV**
**(Invasion of Privacy – False Light)**
**CBS Broadcasting, Inc., CBS Television, Inc., CBS Corporation**

571. The Plaintiff re-alleges each and every allegation in paragraphs 236-240 and 241-277 inclusive, as it is fully stated herein.

572. The Defendant, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The published statements by the Defendant portrayed the Plaintiff in a false light to the public.

573. Defendant's defamatory statements were not privileged.

574. Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

575. Here, the evidence proves the Defendant's Articles are based wholly on <u>unverified</u> anonymous sources.

576. The Defendant cannot and will not prove they reported on an official judicial proceeding.

577. This was the case where the articles published were a complete fabrication with no <u>official statement by a government official</u> in existence when the Defendant published the Articles, which proves that the Defendant knew the statements were false and purposefully avoided the truth.

578. The evidence proves that the Defendant published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendant had a high degree of awareness of the falsity of the publications.

579. The Defendant has interfered with the Plaintiff's right to be left alone.

580. The Defendant disseminated statements to the public. Restatement (Second) of Torts § 652D comment a (1977).

581. A reasonable person will find the Defendant's publication to be highly offensive.

582.   As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

583.   With full knowledge of the absence of a <u>verified official statement</u> from a government official, or, <u>official records,</u> the Defendant knowingly, maliciously, and recklessly published defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to disseminate the defamatory statements throughout the Internet and the State of Florida.

584.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 236-240 and 241-277, he is entitled to damages and injunctive relief.

## COUNT V
### (Negligent Infliction of Emotional Distress)
### CBS Broadcasting, Inc., CBS Television, Inc., CBS Corporation

585.   The Plaintiff re-alleges each and every allegation in paragraphs 236-240 and 241-277 inclusive, as it is fully stated herein.

586.   The Defendant was negligent when publishing defamatory statements in the article above, which inflicted emotional distress on the Plaintiff.

587.   The Defendant failed to use reasonable care when publishing the defamatory statements.

588.   A reasonable publisher under similar circumstances would not have published the defamatory statements in the article above.

589.   As a result of the Defendant's negligence, the Plaintiff has been severely injured.

590.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 236-240 and 241-277, he is entitled to damages and injunctive relief.

### COUNT VI
### (Invasion of Privacy – Appropriation of Name and Likeness)
### CBS Broadcasting, Inc., CBS Television, Inc., CBS Corporation

591.    The Plaintiff re-alleges each and every allegation in paragraphs 236-240 and 241-277 inclusive, as it is fully stated herein.

592.    The Defendant has benefitted from the unauthorized exploitation of the Plaintiff's name.

593.    The Plaintiff is an ex-NFL Veteran and a public figure, which adds value to his name and likeness.

594.    The Plaintiff is the exclusive rights Owner of his name and likeness.

595.    The Defendant has interfered with the Plaintiff's right to be left alone.

596.    A reasonable person will find the Defendant's actions to be highly offensive.

597.    Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 236-240 and 241-277, and he is entitled to damages and injunctive relief.

### COUNT 1
### (5th Amendment)
### Tribune Publishing Company

598. The Plaintiff re-alleges each and every allegation in paragraphs 97-101, and 241-277, inclusive, as it is fully stated herein.

599. The Plaintiff has a right to be left alone.

600. The Plaintiff has a right to be free in personal autonomy.

601. The Plaintiff has a property right in his name.

602. The Defendant benefitted from publishing defamatory and infringing statements concerning the Plaintiff's name without consent, which proves to be arbitrary and an intentional obstruction of the Plaintiff's due process.

603. A reasonable publisher would have drawn an inference to the risks shown.

604. As a result of the unauthorized publishing in use of the Plaintiff's name, the Defendant recklessly invaded the Plaintiff's privacy.

605. Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 97-101, and 241-277, he is entitled to damages and injunctive relief.

**COUNT II**
**(9th Amendment)**
**Tribune Publishing Company**

606. The Plaintiff re-alleges each and every allegation in paragraphs 97-100, and 241-277 inclusive, as it is fully stated herein.

607.   The 9th Amendment is a reservoir of personal rights necessary to preserve the dignity and existence of men in a free society. *State vs. Abellano*, 441 P.2d 333 (Ha. 1968); Id. at 337, 339.

608.   The Plaintiff has a right to personal dignity.

609.   The Plaintiff has a right to his personality and likeness.

610.   The Plaintiff has a right to social wellbeing.

611.   The Plaintiff has a right to economic wellbeing.

612.   The Plaintiff has a right to personal autonomy.

613.   The Plaintiff has a right to be left alone.

614.   All rights are retained that has not been surrendered. *United States* v. *Darby*, 312 U. S. 100, 124.

615.   All rights that are not specifically described in the Bill of Rights are retained by the people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

616.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 97-100, and 241-277, and as a result, he is entitled to damages and injunctive relief.

**COUNT III**
**(Intentional Infliction of Emotional Distress)**
**Tribune Publishing Company**

617.   The Plaintiff re-alleges each and every allegation in paragraphs 97-101, and 241-277,

inclusive, as it is fully stated herein.

618. The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully, recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff, which they knew or should have known to be false.

619. The defamatory statements described in paragraphs 97-101, and 241-277, constitute outrageous conduct against the Plaintiff.

620. The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless disregard of the high probability of causing the Plaintiff to suffer emotional distress.

621. A reasonable person in Plaintiff's position would consider Defendant's conduct as outrageous.

622. The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive relief.

## COUNT IV
### (Invasion of Privacy – False Light)
### Tribune Publishing Company

623. The Plaintiff re-alleges each and every allegation in paragraphs 97-101, and 241-277, inclusive, as it is fully stated herein.

624. The Defendant, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The published statements by the Defendant portrayed the Plaintiff in a false light to the public.

625. Defendant's defamatory statements were not privileged.

626.   Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

627.   Here, the evidence proves the Defendant's Articles are based wholly on <u>unverified</u> anonymous sources.

628.   The Defendant cannot and will not prove they reported on an official judicial proceeding.

629.   This was the case where the articles published were a complete fabrication with no <u>official statement by a government official</u> in existence when the Defendant published the Articles, which proves that the Defendant knew the statements were false and purposefully avoided the truth.

630.   The evidence proves that the Defendant published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendant had a high degree of awareness of the falsity of the publications.

631.   The Defendant has interfered with the Plaintiff's right to be left alone.

632.   The Defendant disseminated statements to the public. Restatement (Second) of Torts § 652D comment a (1977).

633.   A reasonable person will find the Defendant's publication to be highly offensive.

634.   As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

635.   With full knowledge of the absence of a <u>verified official statement</u> from a government official, or, <u>official records,</u> the Defendant knowingly, maliciously, and recklessly published defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to disseminate the defamatory statements throughout the Internet and the State of Florida.

636.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 97-101, and 241-277, he is entitled to damages and injunctive relief.

## COUNT V
### (Negligent Infliction of Emotional Distress)
### Tribune Publishing Company

637.   The Plaintiff re-alleges each and every allegation in paragraphs 97-101, and 241-277, inclusive, as it is fully stated herein.

638.   The Defendant was negligent when publishing defamatory statements in the article above, which inflicted emotional distress on the Plaintiff.

639.   The Defendant failed to use reasonable care when publishing the defamatory statements.

640.   A reasonable publisher under similar circumstances would not have published the defamatory statements in the article above.

641.   As a result of the Defendant's negligence, the Plaintiff has been severely injured.

642.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 97-101, and 241-277, he is entitled to damages and injunctive relief.

## COUNT VI
### (Invasion of Privacy – Appropriation of Name and Likeness)
### Tribune Publishing Company

643.   The Plaintiff re-alleges each and every allegation in paragraphs 97-101, and 241-277 inclusive, as it is fully stated herein.

644.  The Defendant has benefitted from the unauthorized exploitation of the Plaintiff's name.

645.  The Plaintiff is an ex-NFL Veteran and a public figure, which adds value to his name and likeness.

646.  The Plaintiff is the exclusive rights Owner of his name and likeness.

647.  The Defendant has interfered with the Plaintiff's right to be left alone.

648.  A reasonable person will find the Defendant's actions to be highly offensive.

649.  Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 97-101, and 241-277,  he is entitled to damages and injunctive relief.

## COUNT 1
### (5th Amendment)
### News Corporation

650.  The Plaintiff re-alleges each and every allegation in paragraphs 107-112, and 241-277, inclusive, as it is fully stated herein.

651.  The Plaintiff has a right to be left alone.

652.  The Plaintiff has a right to be free in personal autonomy.

653.  The Plaintiff has a property right in his name.

654.  The Defendant benefited from publishing defamatory and infringing statements concerning the Plaintiff's name without consent, which proves to be arbitrary and an intentional obstruction of the Plaintiff's due process.

655.  A reasonable publisher would have drawn an inference to the risks shown.

656.    As a result of the unauthorized publishing in use of the Plaintiff's name, the Defendant recklessly invaded the Plaintiff's privacy.

657.    Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 107-112, and 241-277, he is entitled to damages and injunctive relief.

### COUNT II
### (9th Amendment)
### News Corporation

658.    The Plaintiff re-alleges each and every allegation in paragraphs 107-112, and 241-277 inclusive, as it is fully stated herein.

659.    The 9th Amendment is a reservoir of personal rights necessary to preserve the dignity and existence of men in a free society. *State vs. Abellano*, 441 P.2d 333 (Ha. 1968); Id. at 337, 339.

660.    The Plaintiff has a right to personal dignity.

661.    The Plaintiff has a right to his personality and likeness.

662.    The Plaintiff has a right to social wellbeing.

663.    The Plaintiff has a right to economic wellbeing.

664.    The Plaintiff has a right to personal autonomy.

665.    The Plaintiff has a right to be left alone.

666.    All rights are retained that has not been surrendered. *United States* v. *Darby*, 312 U. S. 100, 124.

667.   All rights that are not specifically described in the Bill of Rights are retained by the people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

668.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 107-112, and 241-277, and as a result, he is entitled to damages and injunctive relief.

### COUNT III
### (Intentional Infliction of Emotional Distress)
### News Corporation

669.   The Plaintiff re-alleges each and every allegation in paragraphs 107-112, and 241-277, inclusive, as it is fully stated herein.

670.   The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully, recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff, which they knew or should have known to be false.

671.   The defamatory statements described in paragraphs 107-112, and 241-277, constitute outrageous conduct against the Plaintiff.

672.   The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless disregard of the high probability of causing the Plaintiff to suffer emotional distress.

673.   A reasonable person in Plaintiff's position would consider Defendant's conduct as outrageous.

674.  The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive relief.

## COUNT IV
### (Invasion of Privacy – False Light)
### News Corporation

675.  The Plaintiff re-alleges each and every allegation in paragraphs 107-112, and 241-277 inclusive, as it is fully stated herein.

676.  The Defendant, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The published statements by the Defendant portrayed the Plaintiff in a false light to the public.

677.  Defendant's defamatory statements were not privileged.

678.  Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

679.  Here, the evidence proves the Defendant's Articles are based wholly on <u>unverified</u> anonymous sources.

680.  The Defendant cannot and will not prove they reported on an official judicial proceeding.

681.  This was the case where the articles published were a complete fabrication with no <u>official statement by a government official</u> in existence when the Defendant published the Articles, which proves that the Defendant knew the statements were false and purposefully avoided the truth.

682.  The evidence proves that the Defendant published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendant had a high degree of awareness of the falsity of the publications.

683.    The Defendant has interfered with the Plaintiff's right to be left alone.

684.    The Defendant disseminated statements to the public. Restatement (Second) of Torts § 652D comment a (1977).

685.    A reasonable person will find the Defendant's publication to be highly offensive.

686.    As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

687.    With full knowledge of the absence of a verified official statement from a government official, or, official records, the Defendant knowingly, maliciously, and recklessly published defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to disseminate the defamatory statements throughout the Internet and the State of Florida.

688.    Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 107-112, and 241-277, he is entitled to damages and injunctive relief.

### COUNT V
### (Negligent Infliction of Emotional Distress)
### News Corporation

689.    The Plaintiff re-alleges each and every allegation in paragraphs 107-112, and 241-277 inclusive, as it is fully stated herein.

690.    The Defendant was negligent when publishing defamatory statements in the article above, which inflicted emotional distress on the Plaintiff.

691.    The Defendant failed to use reasonable care when publishing the defamatory statements.

692.    A reasonable publisher under similar circumstances would not have published the defamatory statements in the article above.

693.    As a result of the Defendant's negligence, the Plaintiff has been severely injured.

694.    Dimitri Patterson has suffered severe injuries in the form of  internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 107-112, and 241-277, he is entitled to damages and injunctive relief.

**COUNT VI**
**(Invasion of Privacy – Appropriation of Name and Likeness)**
**News Corporation**

695.    The Plaintiff re-alleges each and every allegation in paragraphs 107-112, and 241-277 inclusive, as it is fully stated herein.

696.    The Defendant has benefitted from the unauthorized exploitation of the Plaintiff's name.

697.    The Plaintiff is an ex-NFL Veteran and a public figure, which adds value to his name and likeness.

698.    The Plaintiff is the exclusive rights Owner of his name and likeness.

699.    The Defendant has interfered with the Plaintiff's right to be left alone.

700.    A reasonable person will find the Defendant's actions to be highly offensive.

701.    Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 107-112, and 241-277, he is entitled to damages and injunctive relief.

## COUNT 1
### (5th Amendment)
### FootballTalk LLC

702.    The Plaintiff re-alleges each and every allegation in paragraphs 147-172, and 241-277 inclusive, as it is fully stated herein.

703.    The Plaintiff has a right to be left alone.

704.    The Plaintiff has a right to be free in personal autonomy.

705.    The Plaintiff has a property right in his name.

706.    The Defendant benefitted from publishing defamatory and infringing statements concerning the Plaintiff's name without consent, which proves to be arbitrary and an intentional obstruction of the Plaintiff's due process.

707.    A reasonable publisher would have drawn an inference to the risks shown.

708.    As a result of the unauthorized publishing in use of the Plaintiff's name, the Defendant recklessly invaded the Plaintiff's privacy.

709.    Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 147-172, and 241-277, he is entitled to damages and injunctive relief.

## COUNT II
### (9th Amendment)
### FootballTalk LLC

710.    The Plaintiff re-alleges each and every allegation in paragraphs 147-172, and 241-277 inclusive, as it is fully stated herein.

711.    The 9th Amendment is a reservoir of personal rights necessary to preserve the dignity and existence of men in a free society. *State vs. Abellano*, 441 P.2d 333 (Ha. 1968); Id. at 337, 339.

712.    The Plaintiff has a right to personal dignity.

713.    The Plaintiff has a right to his personality and likeness.

714.    The Plaintiff has a right to social wellbeing.

715.    The Plaintiff has a right to economic wellbeing.

716.    The Plaintiff has a right to personal autonomy.

717.    The Plaintiff has a right to be left alone.

718.    All rights are retained that has not been surrendered. *United States* v. *Darby,* 312 U. S. 100, 124.

719.    All rights that are not specifically described in the Bill of Rights are retained by the people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

720.    Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 147-172, and 241-277, and as a result, he is entitled to damages and injunctive relief.

**COUNT III**
**(Intentional Infliction of Emotional Distress)**

**FootballTalk LLC**

721.   The Plaintiff re-alleges each and every allegation in paragraphs 147-172, and 241-277, inclusive, as it is fully stated herein.

722.   The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully, recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff, which they knew or should have known to be false.

723.   The defamatory statements described in paragraphs 147-172, and 241-277, constitute outrageous conduct against the Plaintiff.

724.   The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless disregard of the high probability of causing the Plaintiff to suffer emotional distress.

725.   A reasonable person in Plaintiff's position would consider Defendant's conduct as outrageous.

726.   The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive relief.

**COUNT IV**
**(Invasion of Privacy – False Light)**
**FootballTalk LLC**

727.   The Plaintiff re-alleges each and every allegation in paragraphs 147-172, and 241-277 inclusive, as it is fully stated herein.

728.   The Defendant, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The published statements by the Defendant portrayed the Plaintiff in a false light to the public.

729.   Defendant's defamatory statements were not privileged.

730.   Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

731.   Here, the evidence proves the Defendant's Articles are based wholly on <u>unverified</u> anonymous sources.

732.   The Defendant cannot and will not prove they reported on an official judicial proceeding.

733.   This was the case where the articles published were a complete fabrication with no <u>official statement by a government official</u> in existence when the Defendant published the Articles, which proves that the Defendant knew the statements were false and purposefully avoided the truth.

734.   The evidence proves that the Defendant published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendant had a high degree of awareness of the falsity of the publications.

735.   The Defendant has interfered with the Plaintiff's right to be left alone.

736.   The Defendant disseminated statements to the public. Restatement (Second) of Torts § 652D comment a (1977).

737.   A reasonable person will find the Defendant's publication to be highly offensive.

738.   As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

739.   With full knowledge of the absence of a <u>verified official statement</u> from a government official, or, <u>official records</u>, the Defendant knowingly, maliciously, and recklessly published

defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to disseminate the defamatory statements throughout the Internet and the State of Florida.

740.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 147-172, and 241-277, he is entitled to damages and injunctive relief.

## COUNT V
### (Negligent Infliction of Emotional Distress)
### FootballTalk LLC

741.   The Plaintiff re-alleges each and every allegation in paragraphs 147-172, and 241-277 inclusive, as it is fully stated herein.

742.   The Defendant was negligent when publishing defamatory statements in the article above, which inflicted emotional distress on the Plaintiff.

743.   The Defendant failed to use reasonable care when publishing the defamatory statements.

744.   A reasonable publisher under similar circumstances would not have published the defamatory statements in the article above.

745.   As a result of the Defendant's negligence, the Plaintiff has been severely injured.

746.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri

Patterson in paragraphs 147-172, and 241-277, he is entitled to damages and injunctive relief.

## COUNT VI
### (Invasion of Privacy – Appropriation of Name and Likeness)
### FootballTalk LLC

747.   The Plaintiff re-alleges each and every allegation in paragraphs 147-172, and 241-277 inclusive, as it is fully stated herein.

748.   The Defendant has benefitted from the unauthorized exploitation of the Plaintiff's name.

749.   The Plaintiff is an ex-NFL Veteran and a public figure, which adds value to his name and likeness.

750.   The Plaintiff is the exclusive rights Owner of his name and likeness.

751.   The Defendant has interfered with the Plaintiff's right to be left alone.

752.   A reasonable person will find the Defendant's actions to be highly offensive.

753.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 147-172, and 241-277, he is entitled to damages and injunctive relief.


## COUNT 1
### (5th Amendment)
### The Gannett Company

754.   The Plaintiff re-alleges each and every allegation in paragraphs 113-119, and 241-277 inclusive, as it is fully stated herein.

755.   The Plaintiff has a right to be left alone.

756.   The Plaintiff has a right to be free in personal autonomy.

757.   The Plaintiff has a property right in his name.

758.   The Defendant benefitted from publishing defamatory and infringing statements concerning the Plaintiff's name without consent, which proves to be arbitrary and an intentional obstruction of the Plaintiff's due process.

759.   A reasonable publisher would have drawn an inference to the risks shown.

760.   As a result of the unauthorized publishing in use of the Plaintiff's name, the Defendant recklessly invaded the Plaintiff's privacy.

761.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 113-119, and 241-277, he is entitled to damages and injunctive relief.

## COUNT II
## (9th Amendment)
## The Gannett Company

762.   The Plaintiff re-alleges each and every allegation in paragraphs 113-119, and 241-277 inclusive, as it is fully stated herein.

763.   The 9th Amendment is a reservoir of personal rights necessary to preserve the dignity and existence of men in a free society. *State vs. Abellano*, 441 P.2d 333 (Ha. 1968); Id. at 337, 339.

764.   The Plaintiff has a right to personal dignity.

765.   The Plaintiff has a right to his personality and likeness.

766.   The Plaintiff has a right to social wellbeing.

767.   The Plaintiff has a right to economic wellbeing.

768.   The Plaintiff has a right to personal autonomy.

769.   The Plaintiff has a right to be left alone.

770.   All rights are retained that has not been surrendered. *United States* v. *Darby*, 312 U. S.

100, 124.

771.   All rights that are not specifically described in the Bill of Rights are retained by the

people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

772.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional

distress, anguish, substantial damage to his well-being, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri

Patterson in paragraphs 113-119, and 241-277, and as a result, he is entitled to damages and

injunctive relief.

## COUNT III
### (Intentional Infliction of Emotional Distress)
### The Gannett Company

773.   The Plaintiff re-alleges each and every allegation in paragraphs 113-119, and 241-277,

inclusive, as it is fully stated herein.

774.   The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully,

recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff,

which they knew or should have known to be false.

775.   The defamatory statements described in paragraphs 113-119, and 241-277, constitute

outrageous conduct against the Plaintiff.

776.   The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless disregard of the high probability of causing the Plaintiff to suffer emotional distress.

777.   A reasonable person in Plaintiff's position would consider Defendant's conduct as outrageous.

778.   The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive relief.

### COUNT IV
### (Invasion of Privacy – False Light)
### The Gannett Company

779.   The Plaintiff re-alleges each and every allegation in paragraphs 113-119, and 241-277 inclusive, as it is fully stated herein.

780.   The Defendant, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The published statements by the Defendant portrayed the Plaintiff in a false light to the public.

781.   Defendant's defamatory statements were not privileged.

782.   Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

783.   Here, the evidence proves the Defendant's Articles are based wholly on unverified anonymous sources.

784.   The Defendant cannot and will not prove they reported on an official judicial proceeding.

785.   This was the case where the articles published were a complete fabrication with no official statement by a government official in existence when the Defendant published the

Articles, which proves that the Defendant knew the statements were false and purposefully avoided the truth.

786. The evidence proves that the Defendant published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendant had a high degree of awareness of the falsity of the publications.

787. The Defendant has interfered with the Plaintiff's right to be left alone.

788. The Defendant disseminated statements to the public. Restatement (Second) of Torts § 652D comment a (1977).

789. A reasonable person will find the Defendant's publication to be highly offensive.

790. As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

791. With full knowledge of the absence of a <u>verified official statement</u> from a government official, or, <u>official records,</u> the Defendant knowingly, maliciously, and recklessly published defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to disseminate the defamatory statements throughout the Internet and the State of Florida.

792. Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 113-119, and 241-277, he is entitled to damages and injunctive relief.

**COUNT V**
**(Negligent Infliction of Emotional Distress)**
**The Gannett Company**

793.    The Plaintiff re-alleges each and every allegation in paragraphs 113-119, and 241-277

inclusive, as it is fully stated herein.

794.    The Defendant was negligent when publishing defamatory statements in the article

above, which inflicted emotional distress on the Plaintiff.

795.    The Defendant failed to use reasonable care when publishing the defamatory statements.

796.    A reasonable publisher under similar circumstances would not have published the

defamatory statements in the article above.

797.    As a result of the Defendant's negligence, the Plaintiff has been severely injured.

798.    Dimitri Patterson has suffered severe injuries in the form of internal and emotional

distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri

Patterson in paragraphs 113-119, and 241-277, he is entitled to damages and injunctive relief.

**COUNT VI**
**(Invasion of Privacy – Appropriation of Name and Likeness)**
**The Gannett Company**

799.    The Plaintiff re-alleges each and every allegation in paragraphs 113-119, and 241-277

inclusive, as it is fully stated herein.

800.    The Defendant has benefitted from the unauthorized exploitation of the Plaintiff's name.

801.    The Plaintiff is an ex-NFL Veteran and a public figure, which adds value to his name and

likeness.

802.    The Plaintiff is the exclusive rights Owner of his name and likeness.

803.    The Defendant has interfered with the Plaintiff's right to be left alone.

804.    A reasonable person will find the Defendant's actions to be highly offensive.

805.    Dimitri Patterson has suffered severe injuries in the form of internal and emotional

distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri

Patterson in paragraphs 113-119, and 241-277, he is entitled to damages and injunctive relief.

**COUNT 1**
**(5th Amendment)**
**BH Media Group, Inc.**

806.    The Plaintiff re-alleges each and every allegation in paragraphs 180-190, and 241-277

inclusive, as it is fully stated herein.

807.    The Plaintiff has a right to be left alone.

808.    The Plaintiff has a right to be free in personal autonomy.

809.    The Plaintiff has a property right in his name.

810.    The Defendant benefitted from publishing defamatory and infringing statements

concerning the Plaintiff's name without consent, which proves to be arbitrary and an

intentional obstruction of the Plaintiff's due process.

811.    A reasonable publisher would have drawn an inference to the risks shown.

812.    As a result of the unauthorized publishing in use of the Plaintiff's name, the Defendant

recklessly invaded the Plaintiff's privacy.

813.    Dimitri Patterson has suffered severe injuries in the form of internal and emotional

distress, anguish, substantial damage to his well-being, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 180-190, and 241-277, he is entitled to damages and injunctive relief.

**COUNT II**
**(9th Amendment)**
**BH Media Group, Inc.**

814.   The Plaintiff re-alleges each and every allegation in paragraphs 180-190, and 241-277 inclusive, as it is fully stated herein.

815.   The 9th Amendment is a reservoir of personal rights necessary to preserve the dignity and existence of men in a free society. *State vs. Abellano*, 441 P.2d 333 (Ha. 1968); Id. at 337, 339.

816.   The Plaintiff has a right to personal dignity.

817.   The Plaintiff has a right to his personality and likeness.

818.   The Plaintiff has a right to social wellbeing.

819.   The Plaintiff has a right to economic wellbeing.

820.   The Plaintiff has a right to personal autonomy.

821.   The Plaintiff has a right to be left alone.

822.   All rights are retained that has not been surrendered. <u>*United States* v. *Darby*, 312 U. S. 100, 124.</u>

823.   All rights that are not specifically described in the Bill of Rights are retained by the people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

824.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 180-190, and 241-277, and as a result, he is entitled to damages and injunctive relief.

## COUNT III
### (Intentional Infliction of Emotional Distress)
### BH Media Group, Inc.

825.    The Plaintiff re-alleges each and every allegation in paragraphs 180-190, and 241-277, inclusive, as it is fully stated herein.

826.    The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully, recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff, which they knew or should have known to be false.

827.    The defamatory statements described in paragraphs 180-190, and 241-277, constitute outrageous conduct against the Plaintiff.

828.    The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless disregard of the high probability of causing the Plaintiff to suffer emotional distress.

829.    A reasonable person in Plaintiff's position would consider Defendant's conduct as outrageous.

830.    The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive relief.

## COUNT IV
### (Invasion of Privacy – False Light)

**BH Media Group, Inc.**

831.    The Plaintiff re-alleges each and every allegation in paragraphs 180-190, and 241-277 inclusive, as it is fully stated herein.

832.    The Defendant, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The published statements by the Defendant portrayed the Plaintiff in a false light to the public.

833.    Defendant's defamatory statements were not privileged.

834.    Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

835.    Here, the evidence proves the Defendant's Articles are based wholly on <u>unverified</u> anonymous sources.

836.    The Defendant cannot and will not prove they reported on an official judicial proceeding.

837.    This was the case where the articles published were a complete fabrication with no <u>official statement by a government official</u> in existence when the Defendant published the Articles, which proves that the Defendant knew the statements were false and purposefully avoided the truth.

838.    The evidence proves that the Defendant published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendant had a high degree of awareness of the falsity of the publications.

839.    The Defendant has interfered with the Plaintiff's right to be left alone.

840.    The Defendant disseminated statements to the public. Restatement (Second) of Torts § 652D comment a (1977).

841.    A reasonable person will find the Defendant's publication to be highly offensive.

842.    As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

843.    With full knowledge of the absence of a <u>verified official statement</u> from a government official, or, <u>official records</u>, the Defendant knowingly, maliciously, and recklessly published defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to disseminate the defamatory statements throughout the Internet and the State of Florida.

844.    Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 180-190, and 241-277, he is entitled to damages and injunctive relief.

## COUNT V
### (Negligent Infliction of Emotional Distress)
### BH Media Group, Inc.

845.    The Plaintiff re-alleges each and every allegation in paragraphs 180-190, and 241-277 inclusive, as it is fully stated herein.

846.    The Defendant was negligent when publishing defamatory statements in the article above, which inflicted emotional distress on the Plaintiff.

847.    The Defendant failed to use reasonable care when publishing the defamatory statements.

848.    A reasonable publisher under similar circumstances would not have published the defamatory statements in the article above.

849.    As a result of the Defendant's negligence, the Plaintiff has been severely injured.

850.    Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 180-190, and 241-277, he is entitled to damages and injunctive relief.

## COUNT VI
### (Invasion of Privacy – Appropriation of Name and Likeness)
### BH Media Group

851.   The Plaintiff re-alleges each and every allegation in paragraphs 180-190, and 241-277 inclusive, as it is fully stated herein.

852.   The Defendant has benefitted from the unauthorized exploitation of the Plaintiff's name.

853.   The Plaintiff is an ex-NFL Veteran and a public figure, which adds value to his name and likeness.

854.   The Plaintiff is the exclusive rights Owner of his name and likeness.

855.   The Defendant has interfered with the Plaintiff's right to be left alone.

856.   A reasonable person will find the Defendant's actions to be highly offensive.

857.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 180-190, and 241-277, he is entitled to damages and injunctive relief.

## COUNT 1
### (5th Amendment)
### VOX Media, Inc.

858.   The Plaintiff re-alleges each and every allegation in paragraphs 173-179, and 241-277

inclusive, as it is fully stated herein.

859.   The Plaintiff has a right to be left alone.

860.   The Plaintiff has a right to be free in personal autonomy.

861.   The Plaintiff has a property right in his name.

862.   The Defendant benefitted from publishing defamatory and infringing statements concerning the Plaintiff's name without consent, which proves to be arbitrary and an intentional obstruction of the Plaintiff's due process.

863.   A reasonable publisher would have drawn an inference to the risks shown.

864.   As a result of the unauthorized publishing in use of the Plaintiff's name, the Defendant recklessly invaded the Plaintiff's privacy.

865.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 173-179, and 241-277, he is entitled to damages and injunctive relief.

**COUNT II**
**(9th Amendment)**
**VOX Media, Inc.**

866.   The Plaintiff re-alleges each and every allegation in paragraphs 173-179, and 241-277 inclusive, as it is fully stated herein.

867.   The 9th Amendment is a reservoir of personal rights necessary to preserve the dignity and existence of men in a free society. *State vs. Abellano*, 441 P.2d 333 (Ha. 1968); Id. at 337, 339.

868.   The Plaintiff has a right to personal dignity.

869.   The Plaintiff has a right to his personality and likeness.

870.   The Plaintiff has a right to social wellbeing.

871.   The Plaintiff has a right to economic wellbeing.

872.   The Plaintiff has a right to personal autonomy.

873.   The Plaintiff has a right to be left alone.

874.   All rights are retained that has not been surrendered. *United States* v. *Darby,* 312 U. S. 100, 124.

875.   All rights that are not specifically described in the Bill of Rights are retained by the people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

876.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 173-179, and 241-277, and as a result, he is entitled to damages and injunctive relief.

### COUNT III
### (Intentional Infliction of Emotional Distress)
### VOX Media, Inc.

877.   The Plaintiff re-alleges each and every allegation in paragraphs 173-179, and 241-277, inclusive, as it is fully stated herein.

878.   The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully, recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff,

which they knew or should have known to be false.

879.   The defamatory statements described in paragraphs 173-179, and 241-277, constitute outrageous conduct against the Plaintiff.

880.   The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless disregard of the high probability of causing the Plaintiff to suffer emotional distress.

881.   A reasonable person in Plaintiff's position would consider Defendant's conduct as outrageous.

882.   The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive relief.

## COUNT IV
### (Invasion of Privacy – False Light)
### VOX Media, Inc.

883.   The Plaintiff re-alleges each and every allegation in paragraphs 173-179, and 241-277 inclusive, as it is fully stated herein.

884.   The Defendant, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The published statements by the Defendant portrayed the Plaintiff in a false light to the public.

885.   Defendant's defamatory statements were not privileged.

886.   Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

887.   Here, the evidence proves the Defendant's Articles are based wholly on <u>unverified</u> anonymous sources.

888.   The Defendant cannot and will not prove they reported on an official judicial proceeding.

889.   This was the case where the articles published were a complete fabrication with no official statement by a government official in existence when the Defendant published the Articles, which proves that the Defendant knew the statements were false and purposefully avoided the truth.

890.   The evidence proves that the Defendant published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendant had a high degree of awareness of the falsity of the publications.

891.   The Defendant has interfered with the Plaintiff's right to be left alone.

892.   The Defendant disseminated statements to the public. Restatement (Second) of Torts § 652D comment a (1977).

893.   A reasonable person will find the Defendant's publication to be highly offensive.

894.   As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

895.   With full knowledge of the absence of a verified official statement from a government official, or, official records, the Defendant knowingly, maliciously, and recklessly published defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to disseminate the defamatory statements throughout the Internet and the State of Florida.

896.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 173-179, and 241-277, he is entitled to damages and injunctive relief.

## COUNT V
### (Negligent Infliction of Emotional Distress)
### VOX Media, Inc.

897. The Plaintiff re-alleges each and every allegation in paragraphs 173-179, and 241-277 inclusive, as it is fully stated herein.

898. The Defendant was negligent when publishing defamatory statements in the article above, which inflicted emotional distress on the Plaintiff.

899. The Defendant failed to use reasonable care when publishing the defamatory statements.

900. A reasonable publisher under similar circumstances would not have published the defamatory statements in the article above.

901. As a result of the Defendant's negligence, the Plaintiff has been severely injured.

902. Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 173-179, and 241-277, he is entitled to damages and injunctive relief.

## COUNT VI
### (Invasion of Privacy – Appropriation of Name and Likeness)
### VOX Media, Inc.

903. The Plaintiff re-alleges each and every allegation in paragraphs 173-179, and 241-277 inclusive, as it is fully stated herein.

904. The Defendant has benefitted from the unauthorized exploitation of the Plaintiff's name.

905. The Plaintiff is an ex-NFL Veteran and a public figure, which adds value to his name and likeness.

906. The Plaintiff is the exclusive rights Owner of his name and likeness.

907. The Defendant has interfered with the Plaintiff's right to be left alone.

908. A reasonable person will find the Defendant's actions to be highly offensive.

909. Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 173-179, and 241-277, he is entitled to damages and injunctive relief.

## COUNT 1
### (5th Amendment)
### The Daily Caller

910. The Plaintiff re-alleges each and every allegation in paragraphs 191-196, and 241-277 inclusive, as it is fully stated herein.

911. The Plaintiff has a right to be left alone.

912. The Plaintiff has a right to be free in personal autonomy.

913. The Plaintiff has a property right in his name.

914. The Defendant benefitted from publishing defamatory and infringing statements concerning the Plaintiff's name without consent, which proves to be arbitrary and an intentional obstruction of the Plaintiff's due process.

915. A reasonable publisher would have drawn an inference to the risks shown.

916. As a result of the unauthorized publishing in use of the Plaintiff's name, the Defendant recklessly invaded the Plaintiff's privacy.

917.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional

distress, anguish, substantial damage to his well-being, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri

Patterson in paragraphs 191-196, and 241-277, he is entitled to damages and injunctive relief.

## COUNT II
### (9th Amendment)
### The Daily Caller

918.   The Plaintiff re-alleges each and every allegation in paragraphs 191-196, and 241-277

inclusive, as it is fully stated herein.

919.   The 9th Amendment is a reservoir of personal rights necessary to preserve the dignity and

existence of men in a free society. *State vs. Abellano*, 441 P.2d 333 (Ha. 1968); Id. at 337,

339.

920.   The Plaintiff has a right to personal dignity.

921.   The Plaintiff has a right to his personality and likeness.

922.   The Plaintiff has a right to social wellbeing.

923.   The Plaintiff has a right to economic wellbeing.

924.   The Plaintiff has a right to personal autonomy.

925.   The Plaintiff has a right to be left alone.

926.   All rights are retained that has not been surrendered. *United States* v. *Darby*, 312 U. S.

100, 124.

927.   All rights that are not specifically described in the Bill of Rights are retained by the

people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

928.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 191-196, and 241-277, and as a result, he is entitled to damages and injunctive relief.

## COUNT III
### (Intentional Infliction of Emotional Distress)
### The Daily Caller

929.   The Plaintiff re-alleges each and every allegation in paragraphs 191-196, and 241-277, inclusive, as it is fully stated herein.

930.   The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully, recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff, which they knew or should have known to be false.

931.   The defamatory statements described in paragraphs 191-196, and 241-277, constitute outrageous conduct against the Plaintiff.

932.   The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless disregard of the high probability of causing the Plaintiff to suffer emotional distress.

933.   A reasonable person in Plaintiff's position would consider Defendant's conduct as outrageous.

934.   The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and

proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive relief.

## COUNT IV
### (Invasion of Privacy – False Light)
### The Daily Caller

935.    The Plaintiff re-alleges each and every allegation in paragraphs 191-196, and 241-277 inclusive, as it is fully stated herein.

936.    The Defendant, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The published statements by the Defendant portrayed the Plaintiff in a false light to the public.

937.    Defendant's defamatory statements were not privileged.

938.    Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

939.    Here, the evidence proves the Defendant's Articles are based wholly on <u>unverified</u> anonymous sources.

940.    The Defendant cannot and will not prove they reported on an official judicial proceeding.

941.    This was the case where the articles published were a complete fabrication with no <u>official statement by a government official</u> in existence when the Defendant published the Articles, which proves that the Defendant knew the statements were false and purposefully avoided the truth.

942.    The evidence proves that the Defendant published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendant had a high degree of awareness of the falsity of the publications.

943.    The Defendant has interfered with the Plaintiff's right to be left alone.

944.    The Defendant disseminated statements to the public. Restatement (Second) of Torts §

652D comment a (1977).

945.    A reasonable person will find the Defendant's publication to be highly offensive.

946.    As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

947.    With full knowledge of the absence of a <u>verified official statement</u> from a government

official, or, <u>official records</u>, the Defendant knowingly, maliciously, and recklessly published

defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to

disseminate the defamatory statements throughout the Internet and the State of Florida.

948.    Dimitri Patterson has suffered severe injuries in the form of  internal and emotional

distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri

Patterson in paragraphs 191-196, and 241-277, he is entitled to damages and injunctive relief.

**COUNT V**
**(Negligent Infliction of Emotional Distress)**
**The Daily Caller**

949.    The Plaintiff re-alleges each and every allegation in paragraphs 191-196, and 241-277

inclusive, as it is fully stated herein.

950.    The Defendant was negligent when publishing defamatory statements in the article

above, which inflicted emotional distress on the Plaintiff.

951.    The Defendant failed to use reasonable care when publishing the defamatory statements.

952.    A reasonable publisher under similar circumstances would not have published the

defamatory statements in the article above.

953.    As a result of the Defendant's negligence, the Plaintiff has been severely injured.

954.    Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 191-196, and 241-277, he is entitled to damages and injunctive relief.

## COUNT VI
### (Invasion of Privacy – Appropriation of Name and Likeness)
### The Daily Caller

955.    The Plaintiff re-alleges each and every allegation in paragraphs 191-196, and 241-277 inclusive, as it is fully stated herein.

956.    The Defendant has benefitted from the unauthorized exploitation of the Plaintiff's name.

957.    The Plaintiff is an ex-NFL Veteran and a public figure, which adds value to his name and likeness.

958.    The Plaintiff is the exclusive rights Owner of his name and likeness.

959.    The Defendant has interfered with the Plaintiff's right to be left alone.

960.    A reasonable person will find the Defendant's actions to be highly offensive.

961.    Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 191-196, and 241-277, he is entitled to damages and injunctive relief.

## COUNT 1
## (5th Amendment)
## Cox Media Group

962.   The Plaintiff re-alleges each and every allegation in paragraphs 197-202, and 241-277 inclusive, as it is fully stated herein.

963.   The Plaintiff has a right to be left alone.

964.   The Plaintiff has a right to be free in personal autonomy.

965.   The Plaintiff has a property right in his name.

966.   The Defendant benefitted from publishing defamatory and infringing statements concerning the Plaintiff's name without consent, which proves to be arbitrary and an intentional obstruction of the Plaintiff's due process.

967.   A reasonable publisher would have drawn an inference to the risks shown.

968.   As a result of the unauthorized publishing in use of the Plaintiff's name, the Defendant recklessly invaded the Plaintiff's privacy.

969.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 197-202, and 241-277, he is entitled to damages and injunctive relief.

## COUNT II
## (9th Amendment)
## Cox Media Grouop

970.   The Plaintiff re-alleges each and every allegation in paragraphs 197-202, and 241-277 inclusive, as it is fully stated herein.

971.   The 9th Amendment is a reservoir of personal rights necessary to preserve the dignity and

existence of men in a free society. *State vs. Abellano*, 441 P.2d 333 (Ha. 1968); Id. at 337,

339.

972.   The Plaintiff has a right to personal dignity.

973.   The Plaintiff has a right to his personality and likeness.

974.   The Plaintiff has a right to social wellbeing.

975.   The Plaintiff has a right to economic wellbeing.

976.   The Plaintiff has a right to personal autonomy.

977.   The Plaintiff has a right to be left alone.

978.   All rights are retained that has not been surrendered. *United States* v. *Darby*, 312 U. S.

100, 124.

979.   All rights that are not specifically described in the Bill of Rights are retained by the

people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

980.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional

distress, anguish, substantial damage to his well-being, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri

Patterson in paragraphs 197-202, and 241-277, and as a result, he is entitled to damages and

injunctive relief.

## COUNT III
### (Intentional Infliction of Emotional Distress)
### Cox Media Group

981.   The Plaintiff re-alleges each and every allegation in paragraphs 197-202, and 241-277,

inclusive, as it is fully stated herein.

982.    The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully, recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff, which they knew or should have known to be false.

983.    The defamatory statements described in paragraphs 197-202, and 241-277, constitute outrageous conduct against the Plaintiff.

984.    The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless disregard of the high probability of causing the Plaintiff to suffer emotional distress.

985.    A reasonable person in Plaintiff's position would consider Defendant's conduct as outrageous.

986.    The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive relief.

### COUNT IV
### (Invasion of Privacy – False Light)
### Cox Media Group

987.    The Plaintiff re-alleges each and every allegation in paragraphs 197-202, and 241-277 inclusive, as it is fully stated herein.

988.    The Defendant, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The published statements by the Defendant portrayed the Plaintiff in a false light to the public.

989.    Defendant's defamatory statements were not privileged.

990.    Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

991.    Here, the evidence proves the Defendant's Articles are based wholly on <u>unverified</u> anonymous sources.

992.    The Defendant cannot and will not prove they reported on an official judicial proceeding.

993.    This was the case where the articles published were a complete fabrication with no <u>official statement by a government official</u> in existence when the Defendant published the Articles, which proves that the Defendant knew the statements were false and purposefully avoided the truth.

994.    The evidence proves that the Defendant published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendant had a high degree of awareness of the falsity of the publications.

995.    The Defendant has interfered with the Plaintiff's right to be left alone.

996.    The Defendant disseminated statements to the public. Restatement (Second) of Torts § 652D comment a (1977).

997.    A reasonable person will find the Defendant's publication to be highly offensive.

998.    As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

999.    With full knowledge of the absence of a <u>verified official statement</u> from a government official, or, <u>official records,</u> the Defendant knowingly, maliciously, and recklessly published defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to disseminate the defamatory statements throughout the Internet and the State of Florida.

1000.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 197-202, and 241-277, he is entitled to damages and injunctive relief.

**COUNT V**
**(Negligent Infliction of Emotional Distress)**
**Cox Media Group**

1001.   The Plaintiff re-alleges each and every allegation in paragraphs 197-202, and 241-277 inclusive, as it is fully stated herein.

1002.   The Defendant was negligent when publishing defamatory statements in the article above, which inflicted emotional distress on the Plaintiff.

1003.   The Defendant failed to use reasonable care when publishing the defamatory statements.

1004.   A reasonable publisher under similar circumstances would not have published the defamatory statements in the article above.

1005.   As a result of the Defendant's negligence, the Plaintiff has been severely injured.

1006.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 197-202, and 241-277, he is entitled to damages and injunctive relief.

**COUNT VI**
**(Invasion of Privacy – Appropriation of Name and Likeness)**
**Cox Media Group**

1007.   The Plaintiff re-alleges each and every allegation in paragraphs 197-202, and 241-277 inclusive, as it is fully stated herein.

1008. The Defendant has benefitted from the unauthorized exploitation of the Plaintiff's name.

1009. The Plaintiff is an ex-NFL Veteran and a public figure, which adds value to his name and likeness.

1010. The Plaintiff is the exclusive rights Owner of his name and likeness.

1011. The Defendant has interfered with the Plaintiff's right to be left alone.

1012. A reasonable person will find the Defendant's actions to be highly offensive.

1013. Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 197-202, and 241-277, he is entitled to damages and injunctive relief.

## COUNT 1
### (5th Amendment)
### IBT Media, Inc.

1014. The Plaintiff re-alleges each and every allegation in paragraphs 203-210, and 241-277 inclusive, as it is fully stated herein.

1015. The Plaintiff has a right to be left alone.

1016. The Plaintiff has a right to be free in personal autonomy.

1017. The Plaintiff has a property right in his name.

1018. The Defendant benefitted from publishing defamatory and infringing statements concerning the Plaintiff's name without consent, which proves to be arbitrary and an intentional obstruction of the Plaintiff's due process.

1019. A reasonable publisher would have drawn an inference to the risks shown.

1020.  As a result of the unauthorized publishing in use of the Plaintiff's name, the Defendant recklessly invaded the Plaintiff's privacy.

1021.  Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 203-210, and 241-277, he is entitled to damages and injunctive relief.

**COUNT II**
**(9th Amendment)**
**IBT Media, Inc.**

1022.  The Plaintiff re-alleges each and every allegation in paragraphs 203-210, and 241-277 inclusive, as it is fully stated herein.

1023.  The 9th Amendment is a reservoir of personal rights necessary to preserve the dignity and existence of men in a free society. *State vs. Abellano*, 441 P.2d 333 (Ha. 1968); Id. at 337, 339.

1024.  The Plaintiff has a right to personal dignity.

1025.  The Plaintiff has a right to his personality and likeness.

1026.  The Plaintiff has a right to social wellbeing.

1027.  The Plaintiff has a right to economic wellbeing.

1028.  The Plaintiff has a right to personal autonomy.

1029.  The Plaintiff has a right to be left alone.

1030.  All rights are retained that has not been surrendered. *United States* v. *Darby*, 312 U. S. 100, 124.

1031.  All rights that are not specifically described in the Bill of Rights are retained by the people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

1032.  Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 203-210, and 241-277, and as a result, he is entitled to damages and injunctive relief.

### COUNT III
### (Intentional Infliction of Emotional Distress)
### IBT Media, Inc.

1033.  The Plaintiff re-alleges each and every allegation in paragraphs 203-210, and 241-277, inclusive, as it is fully stated herein.

1034.  The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully, recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff, which they knew or should have known to be false.

1035.  The defamatory statements described in paragraphs 203-210, and 241-277, constitute outrageous conduct against the Plaintiff.

1036.  The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless disregard of the high probability of causing the Plaintiff to suffer emotional distress.

1037.  A reasonable person in Plaintiff's position would consider Defendant's conduct as outrageous.

1038. The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive relief.

### COUNT IV
### (Invasion of Privacy – False Light)
### IBT Media, Inc.

1039. The Plaintiff re-alleges each and every allegation in paragraphs 203-210, and 241-277 inclusive, as it is fully stated herein.

1040. The Defendant, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The published statements by the Defendant portrayed the Plaintiff in a false light to the public.

1041. Defendant's defamatory statements were not privileged.

1042. Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

1043. Here, the evidence proves the Defendant's Articles are based wholly on <u>unverified</u> anonymous sources.

1044. The Defendant cannot and will not prove they reported on an official judicial proceeding.

1045. This was the case where the articles published were a complete fabrication with no <u>official statement by a government official</u> in existence when the Defendant published the Articles, which proves that the Defendant knew the statements were false and purposefully avoided the truth.

1046. The evidence proves that the Defendant published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendant had a high degree of awareness of the falsity of the publications.

1047. The Defendant has interfered with the Plaintiff's right to be left alone.

1048. The Defendant disseminated statements to the public. Restatement (Second) of Torts § 652D comment a (1977).

1049. A reasonable person will find the Defendant's publication to be highly offensive.

1050. As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

1051. With full knowledge of the absence of a <u>verified official statement</u> from a government official, or, <u>official records</u>, the Defendant knowingly, maliciously, and recklessly published defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to disseminate the defamatory statements throughout the Internet and the State of Florida.

1052. Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 203-210, and 241-277, he is entitled to damages and injunctive relief.

**COUNT V**
**(Negligent Infliction of Emotional Distress)**
**IBT Media, Inc.**

1053. The Plaintiff re-alleges each and every allegation in paragraphs 203-210, and 241-277 inclusive, as it is fully stated herein.

1054. The Defendant was negligent when publishing defamatory statements in the article above, which inflicted emotional distress on the Plaintiff.

1055. The Defendant failed to use reasonable care when publishing the defamatory statements.

1056.   A reasonable publisher under similar circumstances would not have published the defamatory statements in the article above.

1057.   As a result of the Defendant's negligence, the Plaintiff has been severely injured.

1058.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 203-210, and 241-277, he is entitled to damages and injunctive relief.

**COUNT VI**
**(Invasion of Privacy – Appropriation of Name and Likeness)**
**IBT Media, Inc.**

1059.   The Plaintiff re-alleges each and every allegation in paragraphs 203-210, and 241-277 inclusive, as it is fully stated herein.

1060.   The Defendant has benefitted from the unauthorized exploitation of the Plaintiff's name.

1061.   The Plaintiff is an ex-NFL Veteran and a public figure, which adds value to his name and likeness.

1062.   The Plaintiff is the exclusive rights Owner of his name and likeness.

1063.   The Defendant has interfered with the Plaintiff's right to be left alone.

1064.   A reasonable person will find the Defendant's actions to be highly offensive.

1065.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 203-210, and 241-277, he is entitled to damages and injunctive relief.

## COUNT 1
### (5th Amendment)
### Newsweek Media Group, Inc.

1066.   The Plaintiff re-alleges each and every allegation in paragraphs 203-210, and 241-277 inclusive, as it is fully stated herein.

1067.   The Plaintiff has a right to be left alone.

1068.   The Plaintiff has a right to be free in personal autonomy.

1069.   The Plaintiff has a property right in his name.

1070.   The Defendant benefitted from publishing defamatory and infringing statements concerning the Plaintiff's name without consent, which proves to be arbitrary and an intentional obstruction of the Plaintiff's due process.

1071.   A reasonable publisher would have drawn an inference to the risks shown.

1072.   As a result of the unauthorized publishing in use of the Plaintiff's name, the Defendant recklessly invaded the Plaintiff's privacy.

1073.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 203-210, and 241-277, he is entitled to damages and injunctive relief.

## COUNT II
### (9th Amendment)
### Newsweek Media Group, Inc.

1074.   The Plaintiff re-alleges each and every allegation in paragraphs 203-210, and 241-277 inclusive, as it is fully stated herein.

1075.   The 9th Amendment is a reservoir of personal rights necessary to preserve the dignity and existence of men in a free society. *State vs. Abellano*, 441 P.2d 333 (Ha. 1968); Id. at 337, 339.

1076.   The Plaintiff has a right to personal dignity.

1077.   The Plaintiff has a right to his personality and likeness.

1078.   The Plaintiff has a right to social wellbeing.

1079.   The Plaintiff has a right to economic wellbeing.

1080.   The Plaintiff has a right to personal autonomy.

1081.   The Plaintiff has a right to be left alone.

1082.   All rights are retained that has not been surrendered. <u>*United States* v. *Darby,* 312 U. S. 100, 124.</u>

1083.   All rights that are not specifically described in the Bill of Rights are retained by the people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

1084.   Dimitri Patterson has suffered severe injuries in the form of  internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 203-210, and 241-277, and as a result, he is entitled to damages and injunctive relief.

**COUNT III**

**(Intentional Infliction of Emotional Distress)**
**Newsweek Media Group, Inc.**

1085.    The Plaintiff re-alleges each and every allegation in paragraphs 203-210, and 241-277, inclusive, as it is fully stated herein.

1086.    The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully, recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff, which they knew or should have known to be false.

1087.    The defamatory statements described in paragraphs 203-210, and 241-277, constitute outrageous conduct against the Plaintiff.

1088.    The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless disregard of the high probability of causing the Plaintiff to suffer emotional distress.

1089.    A reasonable person in Plaintiff's position would consider Defendant's conduct as outrageous.

1090.    The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive relief.

**COUNT IV**
**(Invasion of Privacy – False Light)**
**Newsweek Media Group, Inc.**

1091.    The Plaintiff re-alleges each and every allegation in paragraphs 203-210, and 241-277 inclusive, as it is fully stated herein.

1092.    The Defendant, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The published statements by the Defendant portrayed the Plaintiff in a false light to the public.

1093.    Defendant's defamatory statements were not privileged.

1094.    Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

1095.    Here, the evidence proves the Defendant's Articles are based wholly on <u>unverified</u> anonymous sources.

1096.    The Defendant cannot and will not prove they reported on an official judicial proceeding.

1097.    This was the case where the articles published were a complete fabrication with no <u>official statement by a government official</u> in existence when the Defendant published the Articles, which proves that the Defendant knew the statements were false and purposefully avoided the truth.

1098.    The evidence proves that the Defendant published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendant had a high degree of awareness of the falsity of the publications.

1099.    The Defendant has interfered with the Plaintiff's right to be left alone.

1100.    The Defendant disseminated statements to the public. Restatement (Second) of Torts § 652D comment a (1977).

1101.    A reasonable person will find the Defendant's publication to be highly offensive.

1102.    As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

1103.    With full knowledge of the absence of a <u>verified official statement</u> from a government official, or, <u>official records</u>, the Defendant knowingly, maliciously, and recklessly published

defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to disseminate the defamatory statements throughout the Internet and the State of Florida.

1104.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 203-210, and 241-277, he is entitled to damages and injunctive relief.

## COUNT V
### (Negligent Infliction of Emotional Distress)
### Newsweek Media Group, Inc.

1105.   The Plaintiff re-alleges each and every allegation in paragraphs 203-210, and 241-277 inclusive, as it is fully stated herein.

1106.   The Defendant was negligent when publishing defamatory statements in the article above, which inflicted emotional distress on the Plaintiff.

1107.   The Defendant failed to use reasonable care when publishing the defamatory statements.

1108.   A reasonable publisher under similar circumstances would not have published the defamatory statements in the article above.

1109.   As a result of the Defendant's negligence, the Plaintiff has been severely injured.

1110.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri

Patterson in paragraphs 203-210, and 241-277, he is entitled to damages and injunctive relief.

**COUNT VI**
**(Invasion of Privacy – Appropriation of Name and Likeness)**
**Newsweek Media Group, Inc.**

1111.   The Plaintiff re-alleges each and every allegation in paragraphs 203-210, and 241-277

inclusive, as it is fully stated herein.

1112.   The Defendant has benefitted from the unauthorized exploitation of the Plaintiff's name.

1113.   The Plaintiff is an ex-NFL Veteran and a public figure, which adds value to his name

and likeness.

1114.   The Plaintiff is the exclusive rights Owner of his name and likeness.

1115.   The Defendant has interfered with the Plaintiff's right to be left alone.

1116.   A reasonable person will find the Defendant's actions to be highly offensive.

Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress,

anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation,

and devastating damage to his family, personal, community, civic, and business relationships in

Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result

of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 203-

210, and 241-277, he is entitled to damages and injunctive relief.


**COUNT 1**
**(5th Amendment)**
**ESPN, Inc.**

1117.   The Plaintiff re-alleges each and every allegation in paragraphs 213-230, and 241-277

inclusive, as it is fully stated herein.

1118.   The Plaintiff has a right to be left alone.

1119.   The Plaintiff has a right to be free in personal autonomy.

1120.   The Plaintiff has a property right in his name.

1121.   The Defendant benefitted from publishing defamatory and infringing statements concerning the Plaintiff's name without consent, which proves to be arbitrary and an intentional obstruction of the Plaintiff's due process.

1122.   A reasonable publisher would have drawn an inference to the risks shown.

1123.   As a result of the unauthorized publishing in use of the Plaintiff's name, the Defendant recklessly invaded the Plaintiff's privacy.

1124.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 213-230, and 241-277, he is entitled to damages and injunctive relief.

## COUNT II
### (9th Amendment)
### ESPN, Inc.

1125.   The Plaintiff re-alleges each and every allegation in paragraphs 213-230, and 241-277 inclusive, as it is fully stated herein.

1126.   The 9th Amendment is a reservoir of personal rights necessary to preserve the dignity and existence of men in a free society. *State vs. Abellano*, 441 P.2d 333 (Ha. 1968); Id. at 337, 339.

1127.   The Plaintiff has a right to personal dignity.

1128.   The Plaintiff has a right to his personality and likeness.

1129.   The Plaintiff has a right to social wellbeing.

1130.   The Plaintiff has a right to economic wellbeing.

1131.   The Plaintiff has a right to personal autonomy.

1132.   The Plaintiff has a right to be left alone.

1133.   All rights are retained that has not been surrendered. *United States* v. *Darby*, 312 U. S. 100, 124.

1134.   All rights that are not specifically described in the Bill of Rights are retained by the people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

1135.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 213-230, and 241-277, and as a result, he is entitled to damages and injunctive relief.

## COUNT III
### (Intentional Infliction of Emotional Distress)
### ESPN, Inc.

1136.   The Plaintiff re-alleges each and every allegation in paragraphs 213-230, and 241-277, inclusive, as it is fully stated herein.

1137.   The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully, recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff, which they knew or should have known to be false.

1138.   The defamatory statements described in paragraphs 213-230, and 241-277, constitute outrageous conduct against the Plaintiff.

1139.   The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless disregard of the high probability of causing the Plaintiff to suffer emotional distress.

1140.   A reasonable person in Plaintiff's position would consider Defendant's conduct as outrageous.

1141.   The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive relief.

### COUNT IV
### (Invasion of Privacy – False Light)
### ESPN, Inc.

1142.   The Plaintiff re-alleges each and every allegation in paragraphs 213-230, and 241-277 inclusive, as it is fully stated herein.

1143.   The Defendant, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The published statements by the Defendant portrayed the Plaintiff in a false light to the public.

1144.   Defendant's defamatory statements were not privileged.

1145.   Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

1146.   Here, the evidence proves the Defendant's Articles are based wholly on unverified anonymous sources.

1147.   The Defendant cannot and will not prove they reported on an official judicial proceeding.

1148.   This was the case where the articles published were a complete fabrication with no underline official statement by a government official in existence when the Defendant published the Articles, which proves that the Defendant knew the statements were false and purposefully avoided the truth.

1149.   The evidence proves that the Defendant published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendant had a high degree of awareness of the falsity of the publications.

1150.   The Defendant has interfered with the Plaintiff's right to be left alone.

1151.   The Defendant disseminated statements to the public. Restatement (Second) of Torts § 652D comment a (1977).

1152.   A reasonable person will find the Defendant's publication to be highly offensive.

1153.   As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

1154.   With full knowledge of the absence of a verified official statement from a government official, or, official records, the Defendant knowingly, maliciously, and recklessly published defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to disseminate the defamatory statements throughout the Internet and the State of Florida.

1155.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 213-230, and 241-277, he is entitled to damages and injunctive relief.

**COUNT V**
**(Negligent Infliction of Emotional Distress)**

**ESPN, Inc.**

1156.  The Plaintiff re-alleges each and every allegation in paragraphs 213-230, and 241-277 inclusive, as it is fully stated herein.

1157.  The Defendant was negligent when publishing defamatory statements in the article above, which inflicted emotional distress on the Plaintiff.

1158.  The Defendant failed to use reasonable care when publishing the defamatory statements.

1159.  A reasonable publisher under similar circumstances would not have published the defamatory statements in the article above.

1160.  As a result of the Defendant's negligence, the Plaintiff has been severely injured.

1161.  Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 213-230, and 241-277, he is entitled to damages and injunctive relief.

**COUNT VI**
**(Invasion of Privacy – Appropriation of Name and Likeness)**
**ESPN, Inc.**

1162.  The Plaintiff re-alleges each and every allegation in paragraphs 213-230, and 241-277 inclusive, as it is fully stated herein.

1163.  The Defendant has benefitted from the unauthorized exploitation of the Plaintiff's name.

1164.  The Plaintiff is an ex-NFL Veteran and a public figure, which adds value to his name and likeness.

1165.  The Plaintiff is the exclusive rights Owner of his name and likeness.

1166. The Defendant has interfered with the Plaintiff's right to be left alone.

1167. A reasonable person will find the Defendant's actions to be highly offensive.

Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress,

anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation,

and devastating damage to his family, personal, community, civic, and business relationships in

Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result

of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 213-

230, and 241-277, he is entitled to damages and injunctive relief.

## COUNT 1
### (5th Amendment)
### New Media Investment Group, Inc.

1168. The Plaintiff re-alleges each and every allegation in paragraphs 231-235, and 241-277

inclusive, as it is fully stated herein.

1169. The Plaintiff has a right to be left alone.

1170. The Plaintiff has a right to be free in personal autonomy.

1171. The Plaintiff has a property right in his name.

1172. The Defendant benefitted from publishing defamatory and infringing statements

concerning the Plaintiff's name without consent, which proves to be arbitrary and an

intentional obstruction of the Plaintiff's due process.

1173. A reasonable publisher would have drawn an inference to the risks shown.

1174. As a result of the unauthorized publishing in use of the Plaintiff's name, the Defendant

recklessly invaded the Plaintiff's privacy.

1175. Dimitri Patterson has suffered severe injuries in the form of internal and emotional

distress, anguish, substantial damage to his well-being, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 231-235, and 241-277, he is entitled to damages and injunctive relief.

## COUNT II
### (9th Amendment)
### New Media Investment Group, Inc.

1176.    The Plaintiff re-alleges each and every allegation in paragraphs 231-235, and 241-277 inclusive, as it is fully stated herein.

1177.    The 9th Amendment is a reservoir of personal rights necessary to preserve the dignity and existence of men in a free society. *State vs. Abellano*, 441 P.2d 333 (Ha. 1968); Id. at 337, 339.

1178.    The Plaintiff has a right to personal dignity.

1179.    The Plaintiff has a right to his personality and likeness.

1180.    The Plaintiff has a right to social wellbeing.

1181.    The Plaintiff has a right to economic wellbeing.

1182.    The Plaintiff has a right to personal autonomy.

1183.    The Plaintiff has a right to be left alone.

1184.    All rights are retained that has not been surrendered. <u>*United States* v. *Darby,* 312 U. S. 100, 124.</u>

1185.    All rights that are not specifically described in the Bill of Rights are retained by the people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

1186.    Dimitri Patterson has suffered severe injuries in the form of  internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 231-235, and 241-277, and as a result, he is entitled to damages and injunctive relief.

**COUNT III**
**(Intentional Infliction of Emotional Distress)**
**New Media Investment Group, Inc.**

1187.    The Plaintiff re-alleges each and every allegation in paragraphs 231-235, and 241-277, inclusive, as it is fully stated herein.

1188.    The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully, recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff, which they knew or should have known to be false.

1189.    The defamatory statements described in paragraphs 231-235, and 241-277, constitute outrageous conduct against the Plaintiff.

1190.    The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless disregard of the high probability of causing the Plaintiff to suffer emotional distress.

1191.    A reasonable person in Plaintiff's position would consider Defendant's conduct as outrageous.

1192.    The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive relief.

**COUNT IV**
**(Invasion of Privacy – False Light)**
**New Media Investment Group, Inc.**

1193.   The Plaintiff re-alleges each and every allegation in paragraphs 231-235, and 241-277 inclusive, as it is fully stated herein.

1194.   The Defendant, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The published statements by the Defendant portrayed the Plaintiff in a false light to the public.

1195.   Defendant's defamatory statements were not privileged.

1196.   Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

1197.   Here, the evidence proves the Defendant's Articles are based wholly on <u>unverified</u> anonymous sources.

1198.   The Defendant cannot and will not prove they reported on an official judicial proceeding.

1199.   This was the case where the articles published were a complete fabrication with no <u>official statement by a government official</u> in existence when the Defendant published the Articles, which proves that the Defendant knew the statements were false and purposefully avoided the truth.

1200.   The evidence proves that the Defendant published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendant had a high degree of awareness of the falsity of the publications.

1201.   The Defendant has interfered with the Plaintiff's right to be left alone.

1202.   The Defendant disseminated statements to the public. Restatement (Second) of Torts § 652D comment a (1977).

1203.  A reasonable person will find the Defendant's publication to be highly offensive.

1204.  As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

1205.  With full knowledge of the absence of a <u>verified official statement</u> from a government official, or, <u>official records,</u> the Defendant knowingly, maliciously, and recklessly published defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to disseminate the defamatory statements throughout the Internet and the State of Florida.

1206.  Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 231-235, and 241-277, he is entitled to damages and injunctive relief.

**COUNT V**
**(Negligent Infliction of Emotional Distress)**
**New Media Investment Group, Inc.**

1207.  The Plaintiff re-alleges each and every allegation in paragraphs 231-235, and 241-277 inclusive, as it is fully stated herein.

1208.  The Defendant was negligent when publishing defamatory statements in the article above, which inflicted emotional distress on the Plaintiff.

1209.  The Defendant failed to use reasonable care when publishing the defamatory statements.

1210.  A reasonable publisher under similar circumstances would not have published the defamatory statements in the article above.

1211.  As a result of the Defendant's negligence, the Plaintiff has been severely injured.

1212.  Dimitri Patterson has suffered severe injuries in the form of internal and emotional

distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri

Patterson in paragraphs 231-235, and 241-277, he is entitled to damages and injunctive relief.

**COUNT VI**
**(Invasion of Privacy – Appropriation of Name and Likeness)**
**New Media Investment Group, Inc.**

1213.   The Plaintiff re-alleges each and every allegation in paragraphs 231-235, and 241-277

inclusive, as it is fully stated herein.

1214.   The Defendant has benefitted from the unauthorized exploitation of the Plaintiff's name.

1215.   The Plaintiff is an ex-NFL Veteran and a public figure, which adds value to his name

and likeness.

1216.   The Plaintiff is the exclusive rights Owner of his name and likeness.

1217.   The Defendant has interfered with the Plaintiff's right to be left alone.

1218.   A reasonable person will find the Defendant's actions to be highly offensive.

Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress,

anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation,

and devastating damage to his family, personal, community, civic, and business relationships in

Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result

of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 231-

235, and 241-277, he is entitled to damages and injunctive relief.

**COUNT 1**
**(5th Amendment)**
**Gatehouse Media Management Services, Inc.**

1219.    The Plaintiff re-alleges each and every allegation in paragraphs 231-235, and 241-277

inclusive, as it is fully stated herein.

1220.    The Plaintiff has a right to be left alone.

1221.    The Plaintiff has a right to be free in personal autonomy.

1222.    The Plaintiff has a property right in his name.

1223.    The Defendant benefitted from publishing defamatory and infringing statements

concerning the Plaintiff's name without consent, which proves to be arbitrary and an

intentional obstruction of the Plaintiff's due process.

1224.    A reasonable publisher would have drawn an inference to the risks shown.

1225.    As a result of the unauthorized publishing in use of the Plaintiff's name, the Defendant

recklessly invaded the Plaintiff's privacy.

1226.    Dimitri Patterson has suffered severe injuries in the form of internal and emotional

distress, anguish, substantial damage to his well-being, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri

Patterson in paragraphs 231-235, and 241-277, he is entitled to damages and injunctive relief.

**COUNT II**
**(9th Amendment)**
**Gatehouse Media Management Services, Inc.**

1227.    The Plaintiff re-alleges each and every allegation in paragraphs 231-235, and 241-277

inclusive, as it is fully stated herein.

1228.    The 9th Amendment is a reservoir of personal rights necessary to preserve the dignity

and existence of men in a free society. *State vs. Abellano*, 441 P.2d 333 (Ha. 1968); Id. at

337, 339.

1229.    The Plaintiff has a right to personal dignity.

1230.    The Plaintiff has a right to his personality and likeness.

1231.    The Plaintiff has a right to social wellbeing.

1232.    The Plaintiff has a right to economic wellbeing.

1233.    The Plaintiff has a right to personal autonomy.

1234.    The Plaintiff has a right to be left alone.

1235.    All rights are retained that has not been surrendered. *United States* v. *Darby*, 312 U. S.

100, 124.

1236.    All rights that are not specifically described in the Bill of Rights are retained by the

people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

1237.    Dimitri Patterson has suffered severe injuries in the form of internal and emotional

distress, anguish, substantial damage to his well-being, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri

Patterson in paragraphs 231-235, and 241-277, and as a result, he is entitled to damages and

injunctive relief.

### COUNT III
### (Intentional Infliction of Emotional Distress)
### Gatehouse Media Management Services, Inc.

1238.    The Plaintiff re-alleges each and every allegation in paragraphs 231-235, and 241-277,

inclusive, as it is fully stated herein.

1239.   The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully, recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff, which they knew or should have known to be false.

1240.   The defamatory statements described in paragraphs 231-235, and 241-277, constitute outrageous conduct against the Plaintiff.

1241.   The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless disregard of the high probability of causing the Plaintiff to suffer emotional distress.

1242.   A reasonable person in Plaintiff's position would consider Defendant's conduct as outrageous.

1243.   The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive relief.

## COUNT IV
### (Invasion of Privacy – False Light)
### Gatehouse Media Management Services, Inc.

1244.   The Plaintiff re-alleges each and every allegation in paragraphs 231-235, and 241-277 inclusive, as it is fully stated herein.

1245.   The Defendant, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The published statements by the Defendant portrayed the Plaintiff in a false light to the public.

1246.   Defendant's defamatory statements were not privileged.

1247. Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

1248. Here, the evidence proves the Defendant's Articles are based wholly on <u>unverified</u> anonymous sources.

1249. The Defendant cannot and will not prove they reported on an official judicial proceeding.

1250. This was the case where the articles published were a complete fabrication with no <u>official statement by a government official</u> in existence when the Defendant published the Articles, which proves that the Defendant knew the statements were false and purposefully avoided the truth.

1251. The evidence proves that the Defendant published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendant had a high degree of awareness of the falsity of the publications.

1252. The Defendant has interfered with the Plaintiff's right to be left alone.

1253. The Defendant disseminated statements to the public. Restatement (Second) of Torts § 652D comment a (1977).

1254. A reasonable person will find the Defendant's publication to be highly offensive.

1255. As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

1256. With full knowledge of the absence of a <u>verified official statement</u> from a government official, or, <u>official records,</u> the Defendant knowingly, maliciously, and recklessly published defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to disseminate the defamatory statements throughout the Internet and the State of Florida.

1257. Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external

135

reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 231-235, and 241-277, he is entitled to damages and injunctive relief.

**COUNT V**
**(Negligent Infliction of Emotional Distress)**
**Gatehouse Media Management Services, Inc.**

1258.   The Plaintiff re-alleges each and every allegation in paragraphs 231-235, and 241-277 inclusive, as it is fully stated herein.

1259.   The Defendant was negligent when publishing defamatory statements in the article above, which inflicted emotional distress on the Plaintiff.

1260.   The Defendant failed to use reasonable care when publishing the defamatory statements.

1261.   A reasonable publisher under similar circumstances would not have published the defamatory statements in the article above.

1262.   As a result of the Defendant's negligence, the Plaintiff has been severely injured.

1263.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 231-235, and 241-277, he is entitled to damages and injunctive relief.

**COUNT VI**
**(Invasion of Privacy – Appropriation of Name and Likeness)**
**Gatehouse Media Management Services, Inc.**

1264.   The Plaintiff re-alleges each and every allegation in paragraphs 231-235, and 241-277 inclusive, as it is fully stated herein.

1265.   The Defendant has benefitted from the unauthorized exploitation of the Plaintiff's name.

1266.   The Plaintiff is an ex-NFL Veteran and a public figure, which adds value to his name and likeness.

1267.   The Plaintiff is the exclusive rights Owner of his name and likeness.

1268.   The Defendant has interfered with the Plaintiff's right to be left alone.

1269.   A reasonable person will find the Defendant's actions to be highly offensive.

Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 231-235, and 241-277, he is entitled to damages and injunctive relief.

**COUNT 1**
**(5th Amendment)**
**Gatehouse Media Florida Holdings, Inc.**

1270.   The Plaintiff re-alleges each and every allegation in paragraphs 231-235, and 241-277 inclusive, as it is fully stated herein.

1271.   The Plaintiff has a right to be left alone.

1272.   The Plaintiff has a right to be free in personal autonomy.

1273.   The Plaintiff has a property right in his name.

1274.   The Defendant benefitted from publishing defamatory and infringing statements concerning the Plaintiff's name without consent, which proves to be arbitrary and an intentional obstruction of the Plaintiff's due process.

1275.   A reasonable publisher would have drawn an inference to the risks shown.

1276.   As a result of the unauthorized publishing in use of the Plaintiff's name, the Defendant recklessly invaded the Plaintiff's privacy.

1277.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 231-235, and 241-277, he is entitled to damages and injunctive relief.

## COUNT II
### (9th Amendment)
### Gatehouse Media Florida Holdings, Inc.

1278.   The Plaintiff re-alleges each and every allegation in paragraphs 231-235, and 241-277 inclusive, as it is fully stated herein.

1279.   The 9th Amendment is a reservoir of personal rights necessary to preserve the dignity and existence of men in a free society. *State vs. Abellano*, 441 P.2d 333 (Ha. 1968); Id. at 337, 339.

1280.   The Plaintiff has a right to personal dignity.

1281.   The Plaintiff has a right to his personality and likeness.

1282.   The Plaintiff has a right to social wellbeing.

1283.   The Plaintiff has a right to economic wellbeing.

1284.   The Plaintiff has a right to personal autonomy.

1285.   The Plaintiff has a right to be left alone.

1286.   All rights are retained that has not been surrendered. *United States* v. *Darby*, 312 U. S. 100, 124,

1287.   All rights that are not specifically described in the Bill of Rights are retained by the people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

1288.   Dimitri Patterson has suffered severe injuries in the form of  internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 231-235, and 241-277, and as a result, he is entitled to damages and injunctive relief.

### COUNT III
### (Intentional Infliction of Emotional Distress)
### Gatehouse Media Florida Holdings, Inc.

1289.   The Plaintiff re-alleges each and every allegation in paragraphs 231-235, and 241-277, inclusive, as it is fully stated herein.

1290.   The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully, recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff, which they knew or should have known to be false.

1291.   The defamatory statements described in paragraphs 231-235, and 241-277, constitute outrageous conduct against the Plaintiff.

1292.   The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the

alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless

disregard of the high probability of causing the Plaintiff to suffer emotional distress.

1293.   A reasonable person in Plaintiff's position would consider Defendant's conduct as

outrageous.

1294.   The Plaintiff suffered severe emotional distress, and the outrageous conduct of the

Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and

proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive

relief.

**COUNT IV**
**(Invasion of Privacy – False Light)**
**Gatehouse Media Florida Holdings, Inc.**

1295.   The Plaintiff re-alleges each and every allegation in paragraphs 231-235, and 241-277

inclusive, as it is fully stated herein.

1296.    The Defendant, wrongfully and with actual malice and gross negligence, caused to be

published the statements set forth above. The published statements by the Defendant

portrayed the Plaintiff in a false light to the public.

1297.   Defendant's defamatory statements were not privileged.

1298.   Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

1299.   Here, the evidence proves the Defendant's Articles are based wholly on <u>unverified</u>

anonymous sources.

1300.   The Defendant cannot and will not prove they reported on an official judicial

proceeding.

1301.   This was the case where the articles published were a complete fabrication with no

<u>official statement by a government official</u> in existence when the Defendant published the

Articles, which proves that the Defendant knew the statements were false and purposefully avoided the truth.

1302. The evidence proves that the Defendant published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendant had a high degree of awareness of the falsity of the publications.

1303. The Defendant has interfered with the Plaintiff's right to be left alone.

1304. The Defendant disseminated statements to the public. Restatement (Second) of Torts § 652D comment a (1977).

1305. A reasonable person will find the Defendant's publication to be highly offensive.

1306. As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

1307. With full knowledge of the absence of a <u>verified official statement</u> from a government official, or, <u>official records</u>, the Defendant knowingly, maliciously, and recklessly published defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to disseminate the defamatory statements throughout the Internet and the State of Florida.

1308. Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 231-235, and 241-277, he is entitled to damages and injunctive relief.

**COUNT V**
**(Negligent Infliction of Emotional Distress)**
**Gatehouse Media Florida Holdings, Inc.**

1309.  The Plaintiff re-alleges each and every allegation in paragraphs 231-235, and 241-277 inclusive, as it is fully stated herein.

1310.  The Defendant was negligent when publishing defamatory statements in the article above, which inflicted emotional distress on the Plaintiff.

1311.  The Defendant failed to use reasonable care when publishing the defamatory statements.

1312.  A reasonable publisher under similar circumstances would not have published the defamatory statements in the article above.

1313.  As a result of the Defendant's negligence, the Plaintiff has been severely injured.

1314.  Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 231-235, and 241-277, he is entitled to damages and injunctive relief.

## COUNT VI
### (Invasion of Privacy – Appropriation of Name and Likeness)
### Gatehouse Media Florida Holdings, Inc.

1315.  The Plaintiff re-alleges each and every allegation in paragraphs 231-235, and 241-277 inclusive, as it is fully stated herein.

1316.  The Defendant has benefitted from the unauthorized exploitation of the Plaintiff's name.

1317.  The Plaintiff is an ex-NFL Veteran and a public figure, which adds value to his name and likeness.

1318.  The Plaintiff is the exclusive rights Owner of his name and likeness.

1319.  The Defendant has interfered with the Plaintiff's right to be left alone.

1320. A reasonable person will find the Defendant's actions to be highly offensive. Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 231-235, and 241-277, he is entitled to damages and injunctive relief.

## COUNT 1
### (5th Amendment)
### Microsoft Corporation

1321. The Plaintiff re-alleges each and every allegation in paragraphs 211-212, and 241-277 inclusive, as it is fully stated herein.

1322. The Plaintiff has a right to be left alone.

1323. The Plaintiff has a right to be free in personal autonomy.

1324. The Plaintiff has a property right in his name.

1325. The Defendant benefitted from publishing defamatory and infringing statements concerning the Plaintiff's name without consent, which proves to be arbitrary and an intentional obstruction of the Plaintiff's due process.

1326. A reasonable publisher would have drawn an inference to the risks shown.

1327. As a result of the unauthorized publishing in use of the Plaintiff's name, the Defendant recklessly invaded the Plaintiff's privacy.

1328. Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 211-212, and 241-277, he is entitled to damages and injunctive relief.

**COUNT II**
**(9th Amendment)**
**Microsoft Corporation**

1329.   The Plaintiff re-alleges each and every allegation in paragraphs 211-212, and 241-277 inclusive, as it is fully stated herein.

1330.   The 9th Amendment is a reservoir of personal rights necessary to preserve the dignity and existence of men in a free society. *State vs. Abellano*, 441 P.2d 333 (Ha. 1968); Id. at 337, 339.

1331.   The Plaintiff has a right to personal dignity.

1332.   The Plaintiff has a right to his personality and likeness.

1333.   The Plaintiff has a right to social wellbeing.

1334.   The Plaintiff has a right to economic wellbeing.

1335.   The Plaintiff has a right to personal autonomy.

1336.   The Plaintiff has a right to be left alone.

1337.   All rights are retained that has not been surrendered. *United States* v. *Darby,* 312 U. S. 100, 124,

1338.   All rights that are not specifically described in the Bill of Rights are retained by the people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

1339.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 211-212, and 241-277, and as a result, he is entitled to damages and injunctive relief.

### COUNT III
### (Intentional Infliction of Emotional Distress)
### Microsoft Corporation

1340.   The Plaintiff re-alleges each and every allegation in paragraphs 211-212, and 241-277, inclusive, as it is fully stated herein.

1341.   The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully, recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff, which they knew or should have known to be false.

1342.   The defamatory statements described in paragraphs 211-212, and 241-277, constitute outrageous conduct against the Plaintiff.

1343.   The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless disregard of the high probability of causing the Plaintiff to suffer emotional distress.

1344.   A reasonable person in Plaintiff's position would consider Defendant's conduct as outrageous.

1345.   The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive relief.

### COUNT IV
### (Invasion of Privacy – False Light)

**Microsoft Corporation**

1346.   The Plaintiff re-alleges each and every allegation in paragraphs 211-212, and 241-277

inclusive, as it is fully stated herein.

1347.    The Defendant, wrongfully and with actual malice and gross negligence, caused to be

published the statements set forth above. The published statements by the Defendant

portrayed the Plaintiff in a false light to the public.

1348.   Defendant's defamatory statements were not privileged.

1349.   Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

1350.   Here, the evidence proves the Defendant's Articles are based wholly on <u>unverified</u>

anonymous sources.

1351.   The Defendant cannot and will not prove they reported on an official judicial

proceeding.

1352.   This was the case where the articles published were a complete fabrication with no

<u>official statement by a government official</u> in existence when the Defendant published the

Articles, which proves that the Defendant knew the statements were false and purposefully

avoided the truth.

1353.   The evidence proves that the Defendant published the defamatory articles with no

evidence of an official statement by a government official or official documentation, which

proves the Defendant had a high degree of awareness of the falsity of the publications.

1354.   The Defendant has interfered with the Plaintiff's right to be left alone.

1355.   The Defendant disseminated statements to the public. Restatement (Second) of Torts §

652D comment a (1977).

1356.   A reasonable person will find the Defendant's publication to be highly offensive.

1357.  As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

1358.  With full knowledge of the absence of a <u>verified official statement</u> from a government official, or, <u>official records,</u> the Defendant knowingly, maliciously, and recklessly published defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to disseminate the defamatory statements throughout the Internet and the State of Florida.

1359.  Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 211-212, and 241-277, he is entitled to damages and injunctive relief.

## COUNT V
### (Negligent Infliction of Emotional Distress)
### Microsoft Corporation

1360.  The Plaintiff re-alleges each and every allegation in paragraphs 211-212, and 241-277 inclusive, as it is fully stated herein.

1361.  The Defendant was negligent when publishing defamatory statements in the article above, which inflicted emotional distress on the Plaintiff.

1362.  The Defendant failed to use reasonable care when publishing the defamatory statements.

1363.  A reasonable publisher under similar circumstances would not have published the defamatory statements in the article above.

1364.  As a result of the Defendant's negligence, the Plaintiff has been severely injured.

1365.  Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 211-212, and 241-277, he is entitled to damages and injunctive relief.

### COUNT VI
### (Invasion of Privacy – Appropriation of Name and Likeness)
### Microsoft Corporation

1366.   The Plaintiff re-alleges each and every allegation in paragraphs 211-212, and 241-277 inclusive, as it is fully stated herein.

1367.   The Defendant has benefitted from the unauthorized exploitation of the Plaintiff's name.

1368.   The Plaintiff is an ex-NFL Veteran and a public figure, which adds value to his name and likeness.

1369.   The Plaintiff is the exclusive rights Owner of his name and likeness.

1370.   The Defendant has interfered with the Plaintiff's right to be left alone.

1371.   A reasonable person will find the Defendant's actions to be highly offensive.

Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 211-212, and 241-277, he is entitled to damages and injunctive relief.

### COUNT I
### (Intentional Infliction of Emotional Distress)
### Jasmine Brand

1372.   The Plaintiff re-alleges each and every allegation in paragraphs 83-88 and 241-277,

inclusive, as it is fully stated herein.

1373.   The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully,

recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff,

which they knew or should have known to be false.

1374.   The defamatory statements described in paragraphs 83-88 and 241-277 constitute

outrageous conduct against the Plaintiff.

1375.   The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the

alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless

disregard of the high probability of causing the Plaintiff to suffer emotional distress.

1376.   A reasonable person in Plaintiff's position would consider Defendant's conduct as

outrageous.

1377.   The Plaintiff suffered severe emotional distress, and the outrageous conduct of the

Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and

proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive

relief.

## COUNT II
### (Invasion of Privacy – False Light)
### Jasmine Brand

1378.   The Plaintiff re-alleges each and every allegation in paragraphs 83-88 and 241-277,

inclusive, as it is fully stated herein.

1379.   The Defendant, wrongfully and with actual malice and gross negligence, caused to be

published the statements set forth above. The published statements by the Defendant

portrayed the Plaintiff in a false light to the public.

1380.   Defendant's defamatory statements were not privileged.

1381.   Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

1382.   Here, the evidence proves the Defendant's Articles are based wholly on <u>unverified</u> anonymous sources.

1383.   The Defendant cannot and will not prove they reported on an official judicial proceeding.

1384.   This was the case where the articles published were a complete fabrication with no <u>official statement by a government official</u> in existence when the Defendant published the Articles, which proves that the Defendant knew the statements were false and purposefully avoided the truth.

1385.   The evidence proves that the Defendant published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendant had a high degree of awareness of the falsity of the publications.

1386.   The Defendant has interfered with the Plaintiff's right to be left alone.

1387.   The Defendant disseminated statements to the public. Restatement (Second) of Torts § 652D comment a (1977).

1388.   A reasonable person will find the Defendant's publication to be highly offensive.

1389.   As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

1390.   With full knowledge of the absence of a <u>verified official statement</u> from a government official, or, <u>official records</u>, the Defendant knowingly, maliciously, and recklessly published defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to disseminate the defamatory statements throughout the Internet and the State of Florida.

1391.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional

distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri

Patterson in paragraphs 83-88 and 241-277, and he is entitled to damages and injunctive

relief.

**COUNT III**
**(Negligent Infliction of Emotional Distress)**
**Jasmine Brand**

1392.   The Plaintiff re-alleges each and every allegation in paragraphs 83-88 and 241-277,

inclusive, as it is fully stated herein.

1393.   The Defendant was negligent when publishing defamatory statements in the article

above, which inflicted emotional distress on the Plaintiff.

1394.   The Defendant failed to use reasonable care when publishing the defamatory statements.

1395.   A reasonable publisher under similar circumstances would not have published the

defamatory statements in the article above.

1396.   As a result of the Defendant's negligence, the Plaintiff has been severely injured.

1397.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional

distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri

Patterson in paragraphs 83-88 and 241-277, and he is entitled to damages and injunctive

relief.

## COUNT I
### (Intentional Infliction of Emotional Distress)
### Mahir Fadle

1398.  The Plaintiff re-alleges each and every allegation in paragraphs 83-88 and 241-277, inclusive, as it is fully stated herein.

1399.  The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully, recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff, which they knew or should have known to be false.

1400.  The defamatory statements described in paragraphs 83-88 and 241-277 constitute outrageous conduct against the Plaintiff.

1401.  The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless disregard of the high probability of causing the Plaintiff to suffer emotional distress.

1402.  A reasonable person in Plaintiff's position would consider Defendant's conduct as outrageous.

1403.  The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive relief.

## COUNT II
### (Invasion of Privacy – False Light)
### Mahir Fadle

1404.  The Plaintiff re-alleges each and every allegation in paragraphs 383-88 and 241-277, inclusive, as it is fully stated herein.

1405.   The Defendant, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The published statements by the Defendant portrayed the Plaintiff in a false light to the public.

1406.   Defendant's defamatory statements were not privileged.

1407.   Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

1408.   Here, the evidence proves the Defendant's Articles are based wholly on unverified anonymous sources.

1409.   The Defendant cannot and will not prove they reported on an official judicial proceeding.

1410.   This was the case where the articles published were a complete fabrication with no official statement by a government official in existence when the Defendant published the Articles, which proves that the Defendant knew the statements were false and purposefully avoided the truth.

1411.   The evidence proves that the Defendant published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendant had a high degree of awareness of the falsity of the publications.

1412.   The Defendant has interfered with the Plaintiff's right to be left alone.

1413.   The Defendant disseminated statements to the public. Restatement (Second) of Torts § 652D comment a (1977).

1414.   A reasonable person will find the Defendant's publication to be highly offensive.

1415.   As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

1416.   With full knowledge of the absence of a verified official statement from a government official, or, official records, the Defendant knowingly, maliciously, and recklessly published

defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to disseminate the defamatory statements throughout the Internet and the State of Florida.

1417.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 83-88 and 241-277, and he is entitled to damages and injunctive relief.

## COUNT III
### (Negligent Infliction of Emotional Distress)
### Mahir Fadle

1418.   The Plaintiff re-alleges each and every allegation in paragraphs 83-88 and 241-277, inclusive, as it is fully stated herein.

1419.   The Defendant was negligent when publishing defamatory statements in the article above, which inflicted emotional distress on the Plaintiff.

1420.   The Defendant failed to use reasonable care when publishing the defamatory statements.

1421.   A reasonable publisher under similar circumstances would not have published the defamatory statements in the article above.

1422.   As a result of the Defendant's negligence, the Plaintiff has been severely injured.

1423.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 83-88 and 241-277, and he is entitled to damages and injunctive relief.

## COUNT I
### (Intentional Infliction of Emotional Distress)
### Robert Littal

1424.   The Plaintiff re-alleges each and every allegation in paragraphs 89-91 and 241-277 inclusive, as it is fully stated herein.

1425.   The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully, recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff, which they knew or should have known to be false.

1426.   The defamatory statements described in paragraphs 89-91 and 241-277, constitute outrageous conduct against the Plaintiff.

1427.   The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless disregard of the high probability of causing the Plaintiff to suffer emotional distress.

1428.   A reasonable person in Plaintiff's position would consider Defendant's conduct as outrageous.

1429.   The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive relief.

## COUNT II
### (Invasion of Privacy – False Light)
### Robert Littal

1430.   The Plaintiff re-alleges each and every allegation in paragraphs 89-91 and 241-277 inclusive, as it is fully stated herein.

1431.   The Defendant, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The published statements by the Defendant portrayed the Plaintiff in a false light to the public.

1432.   Defendant's defamatory statements were not privileged.

1433.   Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

1434.   Here, the evidence proves the Defendant's Articles are based wholly on <u>unverified</u> anonymous sources.

1435.   The Defendant cannot and will not prove they reported on an official judicial proceeding.

1436.   This was the case where the articles published were a complete fabrication with no <u>official statement by a government official</u> in existence when the Defendant published the Articles, which proves that the Defendant knew the statements were false and purposefully avoided the truth.

1437.   The evidence proves that the Defendant published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendant had a high degree of awareness of the falsity of the publications.

1438.   The Defendant has interfered with the Plaintiff's right to be left alone.

1439.   The Defendant disseminated statements to the public. Restatement (Second) of Torts § 652D comment a (1977).

1440.   A reasonable person will find the Defendant's publication to be highly offensive.

1441.   As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

1442.   With full knowledge of the absence of a <u>verified official statement</u> from a government official, or, <u>official records,</u> the Defendant knowingly, maliciously, and recklessly published defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to disseminate the defamatory statements throughout the Internet and the State of Florida.

1443.   Dimitri Patterson has suffered severe injuries in the form of  internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 89-91 and 241-277, and he is entitled to damages and injunctive relief.

## COUNT III
### (Negligent Infliction of Emotional Distress)
### Robert Littal

1444.   The Plaintiff re-alleges each and every allegation in paragraphs 89-91 and 241-277 inclusive, as it is fully stated herein.

1445.   The Defendant was negligent when publishing defamatory statements in the article above, which inflicted emotional distress on the Plaintiff.

1446.   The Defendant failed to use reasonable care when publishing the defamatory statements.

1447.   A reasonable publisher under similar circumstances would not have published the defamatory statements in the article above.

1448.   As a result of the Defendant's negligence, the Plaintiff has been severely injured.

1449.   Dimitri Patterson has suffered severe injuries in the form of  internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 89-91 and 241-277, and he is entitled to damages and injunctive relief.

## COUNT 1
### (5th Amendment)
### The Miami Herald Media Company

1450.    The Plaintiff re-alleges each and every allegation in paragraphs 46-61, and 241-277 inclusive, as it is fully stated herein.

1451.    The Plaintiff has a right to be left alone.

1452.    The Plaintiff has a right to be free in personal autonomy.

1453.    The Plaintiff has a property right in his name.

1454.    The Defendant benefitted from publishing defamatory and infringing statements concerning the Plaintiff's name without consent, which proves to be arbitrary and an intentional obstruction of the Plaintiff's due process.

1455.    A reasonable publisher would have drawn an inference to the risks shown.

1456.    As a result of the unauthorized publishing in use of the Plaintiff's name, the Defendant recklessly invaded the Plaintiff's privacy.

1457.    Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri

Patterson in paragraphs 46-61, and 241-277, he is entitled to damages and injunctive relief.

## COUNT II
### (9th Amendment)
### The Miami Herald Media Company

1458.   The Plaintiff re-alleges each and every allegation in paragraphs 46-61, and 241-277

inclusive, as it is fully stated herein.

1459.   The 9th Amendment is a reservoir of personal rights necessary to preserve the dignity

and existence of men in a free society. *State vs. Abellano*, 441 P.2d 333 (Ha. 1968); Id. at

337, 339.

1460.   The Plaintiff has a right to personal dignity.

1461.   The Plaintiff has a right to his personality and likeness.

1462.   The Plaintiff has a right to social wellbeing.

1463.   The Plaintiff has a right to economic wellbeing.

1464.   The Plaintiff has a right to personal autonomy.

1465.   The Plaintiff has a right to be left alone.

1466.   All rights are retained that has not been surrendered. *United States* v. *Darby,* 312 U. S.

100, 124.

1467.   All rights that are not specifically described in the Bill of Rights are retained by the

people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

1468.   Dimitri Patterson has suffered severe injuries in the form of  internal and emotional

distress, anguish, substantial damage to his well-being, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 46-61, and 241-277, and as a result, he is entitled to damages and injunctive relief.

## COUNT III
### (Intentional Infliction of Emotional Distress)
### The Miami Herald Media Company

1469.    The Plaintiff re-alleges each and every allegation in paragraphs 46-61, and 241-277, inclusive, as it is fully stated herein.

1470.    The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully, recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff, which they knew or should have known to be false.

1471.    The defamatory statements described in paragraphs 46-61, and 241-277, constitute outrageous conduct against the Plaintiff.

1472.    The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless disregard of the high probability of causing the Plaintiff to suffer emotional distress.

1473.    A reasonable person in Plaintiff's position would consider Defendant's conduct as outrageous.

1474.    The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive relief.

## COUNT IV
### (Invasion of Privacy – False Light)
### The Miami Herald Media Company

1475.   The Plaintiff re-alleges each and every allegation in paragraphs 46-61, and 241-277 inclusive, as it is fully stated herein.

1476.   The Defendant, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The published statements by the Defendant portrayed the Plaintiff in a false light to the public.

1477.   Defendant's defamatory statements were not privileged.

1478.   Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

1479.   Here, the evidence proves the Defendant's Articles are based wholly on <u>unverified</u> anonymous sources.

1480.   The Defendant cannot and will not prove they reported on an official judicial proceeding.

1481.   This was the case where the articles published were a complete fabrication with no <u>official statement by a government official</u> in existence when the Defendant published the Articles, which proves that the Defendant knew the statements were false and purposefully avoided the truth.

1482.   The evidence proves that the Defendant published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendant had a high degree of awareness of the falsity of the publications.

1483.   The Defendant has interfered with the Plaintiff's right to be left alone.

1484.   The Defendant disseminated statements to the public. Restatement (Second) of Torts § 652D comment a (1977).

1485.   A reasonable person will find the Defendant's publication to be highly offensive.

1486.   As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

1487.   With full knowledge of the absence of a <u>verified official statement</u> from a government

official, or, <u>official records,</u> the Defendant knowingly, maliciously, and recklessly published

defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to

disseminate the defamatory statements throughout the Internet and the State of Florida.

1488.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional

distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri

Patterson in paragraphs 46-61, and 241-277, he is entitled to damages and injunctive relief.

**COUNT V**
**(Negligent Infliction of Emotional Distress)**
**The Miami Herald Media Company**

1489.   The Plaintiff re-alleges each and every allegation in paragraphs 46-61, and 241-277

inclusive, as it is fully stated herein.

1490.   The Defendant was negligent when publishing defamatory statements in the article

above, which inflicted emotional distress on the Plaintiff.

1491.   The Defendant failed to use reasonable care when publishing the defamatory statements.

1492.   A reasonable publisher under similar circumstances would not have published the

defamatory statements in the article above.

1493.   As a result of the Defendant's negligence, the Plaintiff has been severely injured.

1494.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional

distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 46-61, and 241-277, he is entitled to damages and injunctive relief.

**COUNT VI**
**(Invasion of Privacy – Appropriation of Name and Likeness)**
**The Miami Herald Media Company**

1495. The Plaintiff re-alleges each and every allegation in paragraphs 46-61, and 241-277 inclusive, as it is fully stated herein.

1496. The Defendant has benefitted from the unauthorized exploitation of the Plaintiff's name.

1497. The Plaintiff is an ex-NFL Veteran and a public figure, which adds value to his name and likeness.

1498. The Plaintiff is the exclusive rights Owner of his name and likeness.

1499. The Defendant has interfered with the Plaintiff's right to be left alone.

1500. A reasonable person will find the Defendant's actions to be highly offensive.

1501. Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 46-61, and 241-277, he is entitled to damages and injunctive relief.

**COUNT 1**
**(5th Amendment)**
**Google LLC**

1502. The Plaintiff re-alleges each and every allegation in paragraphs 278-279, inclusive, as it is fully stated herein.

1503.   The Plaintiff has a right to be left alone.

1504.   The Plaintiff has a right to be free in personal autonomy.

1505.   The Plaintiff has a property right in his name.

1506.   The Defendant refused to remove the defamatory and infringing URL's concerning the Plaintiff's name when notified, which proves to be arbitrary and an intentional obstruction of the Plaintiff's due process under the DMCA.

1507.   A reasonable Internet Service Provider would have drawn an inference to the risks shown.

1508.   As a result of the Defendant's arbitrary conduct concerning the Plaintiff's name, the Defendant recklessly invaded the Plaintiff's privacy.

1509.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 278-279, and he is entitled to damages and injunctive relief.

**COUNT II**
**(9th Amendment)**
**Google LLC**

1510.   The Plaintiff re-alleges each and every allegation in paragraphs 278-279 inclusive, as it is fully stated herein.

1511.   The ninth amendment is a reservoir of personal rights necessary to preserve the dignity and existence of men in a free society. State vs. Abellano, 441 P.2d 333 (Ha. 1968); Id. at 337, 339.

1512.   The Plaintiff has a right to personal dignity.

1513.   The Plaintiff has a right to his personality and likeness.

1514.   The Plaintiff has a right to social wellbeing.

1515.   The Plaintiff has a right to economic wellbeing.

1516.   The Plaintiff has a right to personal autonomy.

1517.   The Plaintiff has a right to be left alone.

1518.   All rights are retained that has not been surrendered. *United States* v. *Darby,* 312 U. S. 100, 124.

1519.   All rights that are not specifically described in the Bill of Rights are retained by the people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

1520.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 278-279 as a result he is entitled to damages and injunctive relief.

**COUNT III**
**(Invasion of Privacy – Appropriation of Name and Likeness)**
**Google LLC**

1521.   The Plaintiff re-alleges each and every allegation in paragraphs 278-279 inclusive, as it is fully stated herein.

1522.   The Plaintiff sent several qualifying Take Down Notices to the Defendant under the DMCA.

1523.   The Defendant refused to remove the infringing material detailed within the Plaintiff's DMCA Take Down Notices.

1524.   The Defendant has benefitted from the unauthorized exploitation of the Plaintiff's name.

1525.   The Plaintiff is an ex-NFL Veteran and a public figure, which adds value to his name and likeness.

1526.   The Plaintiff is the exclusive rights Owner of his name and likeness.

1527.   The Defendant has interfered with the Plaintiff's right to be left alone.

1528.   A reasonable person will find the Defendant's actions to be highly offensive.

1529.   Defendant's refusal to remove the infringing material has severely injured the Plaintiff.

1530.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 278-279, and he is entitled to damages and injunctive relief.

**COUNT 1**
**(5th Amendment)**
**Rich Cimini**

1531.   The Plaintiff re-alleges each and every allegation in paragraphs 213-230, and 241-277 inclusive, as it is fully stated herein.

1532.   The Plaintiff has a right to be left alone.

1533.   The Plaintiff has a right to be free in personal autonomy.

1534.   The Plaintiff has a property right in his name.

1535.   The Defendant benefitted from publishing defamatory and infringing statements concerning the Plaintiff's name without consent, which proves to be arbitrary and an intentional obstruction of the Plaintiff's due process.

1536.    A reasonable publisher would have drawn an inference to the risks shown.

1537.    As a result of the unauthorized publishing in use of the Plaintiff's name, the Defendant

recklessly invaded the Plaintiff's privacy.

1538.    Dimitri Patterson has suffered severe injuries in the form of internal and emotional

distress, anguish, substantial damage to his well-being, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri

Patterson in paragraphs 213-230, and 241-277, he is entitled to damages and injunctive relief.

**COUNT II**
**(9th Amendment)**
**Rich Cimini**

1539.    The Plaintiff re-alleges each and every allegation in paragraphs 213-230, and 241-277

inclusive, as it is fully stated herein.

1540.    The 9th Amendment is a reservoir of personal rights necessary to preserve the dignity

and existence of men in a free society. *State vs. Abellano*, 441 P.2d 333 (Ha. 1968); Id. at

337, 339.

1541.    The Plaintiff has a right to personal dignity.

1542.    The Plaintiff has a right to his personality and likeness.

1543.    The Plaintiff has a right to social wellbeing.

1544.    The Plaintiff has a right to economic wellbeing.

1545.    The Plaintiff has a right to personal autonomy.

1546.    The Plaintiff has a right to be left alone.

1547.  All rights are retained that has not been surrendered. *United States* v. *Darby*, 312 U. S.

100, 124,

1548.  All rights that are not specifically described in the Bill of Rights are retained by the

people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

1549.  Dimitri Patterson has suffered severe injuries in the form of  internal and emotional

distress, anguish, substantial damage to his well-being, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri

Patterson in paragraphs 213-230, and 241-277, and as a result, he is entitled to damages and

injunctive relief.

**COUNT III**
**(Intentional Infliction of Emotional Distress)**
**Rich Cimini**

1550.     The Plaintiff re-alleges each and every allegation in paragraphs 213-230, and 241-277,

inclusive, as it is fully stated herein.

1551.  The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully,

recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff,

which they knew or should have known to be false.

1552.  The defamatory statements described in paragraphs 213-230, and 241-277, constitute

outrageous conduct against the Plaintiff.

1553.  The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the

alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless

disregard of the high probability of causing the Plaintiff to suffer emotional distress.

1554.   A reasonable person in Plaintiff's position would consider Defendant's conduct as outrageous.

1555.   The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive relief.

**COUNT IV**
**(Invasion of Privacy – False Light)**
**Rich Cimini**

1556.   The Plaintiff re-alleges each and every allegation in paragraphs 213-230, and 241-277 inclusive, as it is fully stated herein.

1557.    The Defendant, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The published statements by the Defendant portrayed the Plaintiff in a false light to the public.

1558.   Defendant's defamatory statements were not privileged.

1559.   Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

1560.   Here, the evidence proves the Defendant's Articles are based wholly on <u>unverified</u> anonymous sources.

1561.   The Defendant cannot and will not prove they reported on an official judicial proceeding.

1562.   This was the case where the articles published were a complete fabrication with no <u>official statement by a government official</u> in existence when the Defendant published the Articles, which proves that the Defendant knew the statements were false and purposefully avoided the truth.

1563.   The evidence proves that the Defendant published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendant had a high degree of awareness of the falsity of the publications.

1564.   The Defendant has interfered with the Plaintiff's right to be left alone.

1565.   The Defendant disseminated statements to the public. Restatement (Second) of Torts § 652D comment a (1977).

1566.   A reasonable person will find the Defendant's publication to be highly offensive.

1567.   As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

1568.   With full knowledge of the absence of a <u>verified official statement</u> from a government official, or, <u>official records,</u> the Defendant knowingly, maliciously, and recklessly published defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to disseminate the defamatory statements throughout the Internet and the State of Florida.

1569.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 213-230, and 241-277, he is entitled to damages and injunctive relief.

**COUNT V**
**(Negligent Infliction of Emotional Distress)**
**Rich Cimini**

1570.   The Plaintiff re-alleges each and every allegation in paragraphs 213-230, and 241-277 inclusive, as it is fully stated herein.

1571.   The Defendant was negligent when publishing defamatory statements in the article above, which inflicted emotional distress on the Plaintiff.

1572.   The Defendant failed to use reasonable care when publishing the defamatory statements.

1573.   A reasonable publisher under similar circumstances would not have published the defamatory statements in the article above.

1574.   As a result of the Defendant's negligence, the Plaintiff has been severely injured.

1575.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 213-230, and 241-277, he is entitled to damages and injunctive relief.

**COUNT VI**
**(Invasion of Privacy – Appropriation of Name and Likeness)**
**Rich Cimini**

1576.   The Plaintiff re-alleges each and every allegation in paragraphs 213-230, and 241-277 inclusive, as it is fully stated herein.

1577.   The Defendant has benefitted from the unauthorized exploitation of the Plaintiff's name.

1578.   The Plaintiff is an ex-NFL Veteran and a public figure, which adds value to his name and likeness.

1579.   The Plaintiff is the exclusive rights Owner of his name and likeness.

1580.   The Defendant has interfered with the Plaintiff's right to be left alone.

1581.   A reasonable person will find the Defendant's actions to be highly offensive.

1582.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional

distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri

Patterson in paragraphs 213-230, and 241-277, he is entitled to damages and injunctive relief.

**COUNT 1**
**(5th Amendment)**
**American Broadcasting Companies, Inc.**

1583.   The Plaintiff re-alleges each and every allegation in paragraphs 243-247 and 248-284,

inclusive, as it is fully stated herein.

1584.   The Plaintiff has a right to be left alone.

1585.   The Plaintiff has a right to be free in personal autonomy.

1586.   The Plaintiff has a property right in his name.

1587.   The Defendant benefitted from publishing defamatory and infringing statements

concerning the Plaintiff's name without consent, which proves to be arbitrary and an

intentional obstruction of the Plaintiff's due process.

1588.   A reasonable publisher would have drawn an inference to the risks shown.

1589.   As a result of the unauthorized publishing in use of the Plaintiff's name, the Defendant

recklessly invaded the Plaintiff's privacy.

1590.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional

distress, anguish, substantial damage to his well-being, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

172

and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri

Patterson, and he is entitled to damages and injunctive relief.

## COUNT II
### (9th Amendment)
### American Broadcasting Companies, Inc.

1591.   The Plaintiff re-alleges each and every allegation in paragraphs 243-247 and 248-284

inclusive, as it is fully stated herein.

1592.   The 9th Amendment is a reservoir of personal rights necessary to preserve the dignity and

existence of men in a free society. *State vs. Abellano*, 441 P.2d 333 (Ha. 1968); Id. at 337,

339.

1593.   The Plaintiff has a right to personal dignity.

1594.   The Plaintiff has a right to his personality and likeness.

1595.   The Plaintiff has a right to social wellbeing.

1596.   The Plaintiff has a right to economic wellbeing.

1597.   The Plaintiff has a right to personal autonomy.

1598.   The Plaintiff has a right to be left alone.

1599.   All rights are retained that has not been surrendered. *United States* v. *Darby*, 312 U. S.

100, 124.

1600.   All rights that are not specifically described in the Bill of Rights are retained by the

people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

1601.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional

distress, anguish, substantial damage to his well-being, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 243-247 and 248-284, and as a result, he is entitled to damages and injunctive relief.

## COUNT III
### (Intentional Infliction of Emotional Distress)
### American Broadcasting Companies, Inc.

1602.   The Plaintiff re-alleges each and every allegation in paragraphs 243-247 and 248-284, inclusive, as it is fully stated herein.

1603.   The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully, recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff, which they knew or should have known to be false.

1604.   The defamatory statements described in paragraphs 243-247 and 248-284 constitute outrageous conduct against the Plaintiff.

1605.   The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless disregard of the high probability of causing the Plaintiff to suffer emotional distress.

1606.   A reasonable person in Plaintiff's position would consider Defendant's conduct as outrageous.

1607.   The Plaintiff suffered severe emotional distress, and the outrageous conduct of the Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive relief.

## COUNT IV
### (Invasion of Privacy – False Light)
### American Broadcasting Companies, Inc.

1608.   The Plaintiff re-alleges each and every allegation in paragraphs 243-247 and 248-284, inclusive, as it is fully stated herein.

1609.   The Defendant, wrongfully and with actual malice and gross negligence, caused to be published the statements set forth above. The published statements by the Defendant portrayed the Plaintiff in a false light to the public.

1610.   Defendant's defamatory statements were not privileged.

1611.   Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

1612.   Here, the evidence proves the Defendant's Articles are based wholly on <u>unverified</u> anonymous sources.

1613.   The Defendant cannot and will not prove they reported on an official judicial proceeding.

1614.   This was the case where the articles published were a complete fabrication with no <u>official statement by a government official</u> in existence when the Defendant published the Articles, which proves that the Defendant knew the statements were false and purposefully avoided the truth.

1615.   The evidence proves that the Defendant published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendant had a high degree of awareness of the falsity of the publications.

1616.   The Defendant has interfered with the Plaintiff's right to be left alone.

1617.   The Defendant disseminated statements to the public. Restatement (Second) of Torts § 652D comment a (1977).

1618.   A reasonable person will find the Defendant's publication to be highly offensive.

1619.   As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

1620.   With full knowledge of the absence of a <u>verified official statement</u> from a government

official, or, <u>official records,</u> the Defendant knowingly, maliciously, and recklessly published

defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to

disseminate the defamatory statements throughout the Internet and the State of Florida.

1621.   Dimitri Patterson has suffered severe injuries in the form of  internal and emotional

distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business

relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct

and proximate result of the Defendant's cynical exploitation of his reputation of

in paragraphs 243-247 and 248-284, and as a result, he is entitled to damages and injunctive

relief.

**COUNT V**
**(Negligent Infliction of Emotional Distress)**
**American Broadcasting Companies, Inc.**

1622.   The Plaintiff re-alleges each and every allegation in paragraphs 243-247 and 248-284,

inclusive, as it is fully stated herein.

1623.   The Defendant was negligent when publishing defamatory statements in the article

above, which inflicted emotional distress on the Plaintiff.

1624.   The Defendant failed to use reasonable care when publishing the defamatory statements.

1625.   A reasonable publisher under similar circumstances would not have published the

defamatory statements in the article above.

1626.   As a result of the Defendant's negligence, the Plaintiff has been severely injured.

1627.   Dimitri Patterson has suffered severe injuries in the form of  internal and emotional

distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external

reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of his reputation in paragraphs 243-247 and 248-284, and as a result, he is entitled to damages and injunctive relief.

## COUNT VI
### (Invasion of Privacy – Appropriation of Name and Likeness)
### American Broadcasting Companies, Inc.

1628.   The Plaintiff re-alleges each and every allegation in paragraphs 243-247 and 248-284 inclusive, as it is fully stated herein.

1629.   The Defendant has benefitted from the unauthorized exploitation of the Plaintiff's name.

1630.   The Plaintiff is an ex-NFL Veteran and a public figure, which adds value to his name and likeness.

1631.   The Plaintiff is the exclusive rights Owner of his name and likeness.

1632.   The Defendant has interfered with the Plaintiff's right to be left alone.

1633.   A reasonable person will find the Defendant's actions to be highly offensive.

1634.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of his reputation in paragraphs 243-247 and 248-284, and as a result, he is entitled to damages and injunctive relief.

## COUNT 1
### (5th Amendment)
### Disney Interactive Studios, Inc.

1635.   The Plaintiff re-alleges each and every allegation in paragraphs 243-247 and 248-284,

inclusive, as it is fully stated herein.

1636.   The Plaintiff has a right to be left alone.

1637.   The Plaintiff has a right to be free in personal autonomy.

1638.   The Plaintiff has a property right in his name.

1639.   The Defendant benefitted from publishing defamatory and infringing statements concerning the Plaintiff's name without consent, which proves to be arbitrary and an intentional obstruction of the Plaintiff's due process.

1640.   A reasonable publisher would have drawn an inference to the risks shown.

1641.   As a result of the unauthorized publishing in use of the Plaintiff's name, the Defendant recklessly invaded the Plaintiff's privacy.

1642.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson, and he is entitled to damages and injunctive relief.

## COUNT II
### (9th Amendment)
### Disney Interactive Studios, Inc.

1643.   The Plaintiff re-alleges each and every allegation in paragraphs 243-247 and 248-284 inclusive, as it is fully stated herein.

1644.   The 9th Amendment is a reservoir of personal rights necessary to preserve the dignity and existence of men in a free society. *State vs. Abellano*, 441 P.2d 333 (Ha. 1968); Id. at 337, 339.

1645.   The Plaintiff has a right to personal dignity.

1646.   The Plaintiff has a right to his personality and likeness.

1647.   The Plaintiff has a right to social wellbeing.

1648.   The Plaintiff has a right to economic wellbeing.

1649.   The Plaintiff has a right to personal autonomy.

1650.   The Plaintiff has a right to be left alone.

1651.   All rights are retained that has not been surrendered. *United States* v. *Darby*, 312 U. S. 100, 124.

1652.   All rights that are not specifically described in the Bill of Rights are retained by the people. *Griswold v. Connecticut*, 381 US 479 – Supreme Court (1965)

1653.   Dimitri Patterson has suffered severe injuries in the form of  internal and emotional distress, anguish, substantial damage to his well-being, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of the reputation of Dimitri Patterson in paragraphs 243-247 and 248-284, and as a result, he is entitled to damages and injunctive relief.

### COUNT III
### (Intentional Infliction of Emotional Distress)
### Disney Interactive Studios, Inc.

1654.   The Plaintiff re-alleges each and every allegation in paragraphs 243-247 and 248-284, inclusive, as it is fully stated herein.

1655.   The Defendant has severely defamed the Plaintiff by knowingly, intentionally, willfully, recklessly, grossly negligently, and/or negligently publishing statements about the Plaintiff,

which they knew or should have known to be false.

1656.   The defamatory statements described in paragraphs 243-247 and 248-284 constitute

outrageous conduct against the Plaintiff.

1657.   The Defendant intended to cause Plaintiff to suffer emotional distress, or, in the

alternative, the Defendant, or, their agent, engaged in the defamatory conduct with reckless

disregard of the high probability of causing the Plaintiff to suffer emotional distress.

1658.   A reasonable person in Plaintiff's position would consider Defendant's conduct as

outrageous.

1659.   The Plaintiff suffered severe emotional distress, and the outrageous conduct of the

Defendant was a cause of the emotional distress suffered by the Plaintiff, and as a direct and

proximate result of the Defendant's action, the Plaintiff is entitled to damages and injunctive

relief.

## COUNT IV
### (Invasion of Privacy – False Light)
### Disney Interactive Studios, Inc.

1660.   The Plaintiff re-alleges each and every allegation in paragraphs 243-247 and 248-284,

inclusive, as it is fully stated herein.

1661.    The Defendant, wrongfully and with actual malice and gross negligence, caused to be

published the statements set forth above. The published statements by the Defendant

portrayed the Plaintiff in a false light to the public.

1662.   Defendant's defamatory statements were not privileged.

1663.   Dimitri Patterson seeks recovery of actual, presumed, and punitive damages.

1664.   Here, the evidence proves the Defendant's Articles are based wholly on <u>unverified</u>

anonymous sources.

1665.   The Defendant cannot and will not prove they reported on an official judicial proceeding.

1666.   This was the case where the articles published were a complete fabrication with no official statement by a government official in existence when the Defendant published the Articles, which proves that the Defendant knew the statements were false and purposefully avoided the truth.

1667.   The evidence proves that the Defendant published the defamatory articles with no evidence of an official statement by a government official or official documentation, which proves the Defendant had a high degree of awareness of the falsity of the publications.

1668.   The Defendant has interfered with the Plaintiff's right to be left alone.

1669.   The Defendant disseminated statements to the public. Restatement (Second) of Torts § 652D comment a (1977).

1670.   A reasonable person will find the Defendant's publication to be highly offensive.

1671.   As a result of the Defendant's publication to the public, the Plaintiff was severely injured.

1672.   With full knowledge of the absence of a verified official statement from a government official, or, official records, the Defendant knowingly, maliciously, and recklessly published defamatory statements imputing multiple felonies to the Plaintiff, and then proceeded to disseminate the defamatory statements throughout the Internet and the State of Florida.

1673.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of his reputation of

in paragraphs 243-247 and 248-284, and as a result, he is entitled to damages and injunctive relief.

## COUNT V
### (Negligent Infliction of Emotional Distress)
### Disney Interactive Studios, Inc.

1674.   The Plaintiff re-alleges each and every allegation in paragraphs 243-247 and 248-284, inclusive, as it is fully stated herein.

1675.   The Defendant was negligent when publishing defamatory statements in the article above, which inflicted emotional distress on the Plaintiff.

1676.   The Defendant failed to use reasonable care when publishing the defamatory statements.

1677.   A reasonable publisher under similar circumstances would not have published the defamatory statements in the article above.

1678.   As a result of the Defendant's negligence, the Plaintiff has been severely injured.

1679.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of his reputation in paragraphs 243-247 and 248-284, and as a result, he is entitled to damages and injunctive relief.

## COUNT VI
### (Invasion of Privacy – Appropriation of Name and Likeness)
### Disney Interactive Studios, Inc.

1680.   The Plaintiff re-alleges each and every allegation in paragraphs 243-247 and 248-284 inclusive, as it is fully stated herein.

1681.   The Defendant has benefitted from the unauthorized exploitation of the Plaintiff's name.

1682.   The Plaintiff is an ex-NFL Veteran and a public figure, which adds value to his name and likeness.

1683.   The Plaintiff is the exclusive rights Owner of his name and likeness.

1684.   The Defendant has interfered with the Plaintiff's right to be left alone.

1685.   A reasonable person will find the Defendant's actions to be highly offensive.

1686.   Dimitri Patterson has suffered severe injuries in the form of internal and emotional distress, anguish, substantial damage to his wellbeing, overwhelming damage to his external reputation, and devastating damage to his family, personal, community, civic, and business relationships in Orlando, FL, his former residences of Miami, FL, and elsewhere as a direct and proximate result of the Defendant's cynical exploitation of his reputation in paragraphs 243-247 and 248-284, and as a result, he is entitled to damages and injunctive relief.

## Relief

**WHEREFORE,** Plaintiff respectfully demands judgment against the Defendants as follows:

A.   A judgment for actual damages in the amount of Three Hundred Million ($300,000,000.00) dollars).

B.   Presumed Damages in an amount to be determined by the court, but in no circumstances less than sixty million ($60,000,000.00) dollars.

C.   Punitive Damages against the Defendants in the amount of sixty million ($60,000,000.00) dollars or at least 10% of the Defendants net worth, whichever is greater, to punish and impress upon the Defendants the seriousness of their conduct and to deter similar conduct in the future.

D.   Permanent Injunctive Relief ordering the removal of defamatory and infringing Articles and videos by all Defendants listed in this Complaint for eternity from the Internet.

E.   A full and fair correction, apology, or retraction was, in the case of a newspaper or periodical, published in the same editions, or, corresponding issues of the newspaper, or, periodical in which said article appeared, and in a conspicuous place and typed as said original article.

F.   For such other and further relief for the Plaintiff, as the Court deems just and equitable.

Dimitri Patterson
16877 East Colonial Drive
Unit 403
Orlando, FL 32820
prolificdezigns@gmail.com
407-777-2269

**Verification**

Pursuant to 28 U.S.C. § 1746 I, Dimitri Patterson, declare as follows:

1. I am a Plaintiff in the following case and a citizen in the United States of America and a resident of Florida.

2. I have personal knowledge of the factual statements set forth in the foregoing *Verified Complaint for Damages*, and if called on to testify I would competently testify as to the matters stated herein.

3. I verify under penalty and perjury under the laws of the United States of America that the factual statements in this *Verified Complaint for Damages* concerning myself and the actions of all of the Defendants are correct.

Executed on March 6, 2020

Dimitri Patterson